Robert D. **MIHALSKY**

v.

Richard S. **SCHWEIKER**, Secretary of Health and Human Services.

Civ. A. No. 81–5293.

United States District Court, E. D. Pennsylvania.

June 8, 1982.

William R. Mosolino, Orwigsburg, Pa., for plaintiff.

Rachel Shao, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Our duty is to determine whether the Secretary's decision is supported by substantial evidence, 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "Substantial evidence consists of more than a scintilla but may be somewhat less than a preponderance." *Dobrowolsky v. Califano*, 606 F.2d 403, 406 (3d Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972). Upon the plaintiff rests the burden of proof. 42 U.S.C. § 423(d)(5); *Hess v. Secretary of Health, Education and Welfare*, 497 F.2d 837, 840 (3d Cir. 1974). We need not further elaborate upon the applicable law.

We have examined the entire record including (1) the medical data and findings and conclusions; (2) the expert medical opinions; (3) subjective complaints; and (4) the plaintiff's age, education and work history.

As the result of an accident and the development of unrelated recurring medical conditions, the plaintiff has suffered and suffers pain (Tr. 42); limitations of knee motion (Tr. 43); weight problems (Tr. 44); difficulty in walking and negotiating steps and rough terrain (Tr. 45); a limp of one leg (Tr. 48); a paralysis of the vocal chords causing breathing difficulties and choking (Tr. 52, 58); progressive emphysema (Tr. 55); anxiety (Tr. 56); diabetes (Tr. 56); high blood pressure (Tr. 57); loss of potassium levels causing headaches, dizziness (Tr. 58); pains in his leg (Tr. 62); inability to stand for substantial periods and requiring sitting at frequent intervals (Tr. 63); inability to walk, without sitting, even the length of a shopping mall (Tr. 66); stomach problems (Tr. 68); inflammation of the joints, including both shoulders, a knee and an ankle (Tr. 75) and other lesser complaints and conditions not here mentioned.

A review of the plaintiff's stated complaints of inability to work, plus a review of the testimony of the vocational expert, James Chickson (Tr. 80 *et seq.*) clearly demonstrates the plaintiff's inability to engage in substantial gainful activity or employment. 42 U.S.C. § 423(d)(1)(A); *Hargenrader v. Califano*, 575 F.2d 434, 436 (3d Cir. 1978) and the lack of jobs, which he can perform, in significant numbers in the national economy. 42 U.S.C. § 423(d)(1)(A); *Gentile v. Finch*, 423 F.2d 244, 245 (3d Cir. 1970)(Tr. 80 *et seq.*) Plaintiff is not able to transfer to sedentary work (Tr. 84). Such work may not be available even in the national economy much less locally (Tr. 85). Neither can he transfer to jobs requiring a "majority of walking" such as a security guard (Tr. 86) nor can he go back to the job he normally performed requiring lifting up to 100 pounds (Tr. 88) even assuming such employment exists.

We quote as follows from the testimony of the vocational expert:

"A. I would say from the time of the accident till even the late hearing, that he wouldn't be able to perform any of the jobs, even the sedentary duties, up until that point. After that point, probably only the sedentary jobs he would be able to perform and those only if he's able to maintain the level of activity of spending only two of the four hours a day, he might not be able to perform them on a sustained basis even at this point.

\* \* \* \* \* \*

A. No, the activity that he was performing, just a little painting that he's doing around, the carpentry work, even at his own pace, he was only able to keep it up for two to four hours. If that's the most that he could perform in a day's time at that sustained activity, then he'd have difficulty with even a sedentary. But, it wouldn't be any more exertion for him in the sedentary position.

\* \* \* \* \* \*

Q. And, up until the date he began weight bearing on his foot?

A. Up until the time that he was fully weight bearing, I wouldn't feel he could have engaged in any type of work, particularly construction.

Q. What quality of doubt with respect to his present condition would he have limited movement?

A. The doubt that I have is more in terms of his ability to maintain any activity for a long enough period during the day to allow him to engage in regular, competitive employment. Not so much being able to physically perform the activity, but whether he could do it for a long enough period of time to engage in "INAUDIBLE".

\* \* \* \* \* \*

BY ADMINISTRATIVE LAW JUDGE:

Q. The jobs that you listed were listed as sedentary jobs and unskilled positions. Is that right?

A. Yes.

Q. Those are not all inclusive positions?

A. No."

(See Tr. 91, 92, 96 and 97).

It is apparent that the plaintiff cannot engage in substantial gainful activity and this is regrettable at his early age, 48 years. It is equally apparent that the findings, conclusions and decision of the Administrative Law Judge, affirmed by the Appeals Council, are not supported by substantial evidence.

Accordingly, the plaintiff's motion for summary judgment will be granted and the defendant's like motion will be denied.