## William F. BRENNAN

v.

## Richard S. SCHWEIKER, Secretary of Health and Human Services.

### Civ. A. No. 81–4562.

United States District Court, E. D. Pennsylvania.

June 23, 1982.

---

Maureen E. Krueger, Pottsville, Pa., for plaintiff.

Edward F. Borden, Jr., Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

The applicable legal standard guiding our decision is not disputed: our duty is confined to a determination of whether the Secretary's decision is supported by substantial evidence, 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). Substantial evidence is evidence which a reasoning mind would accept as sufficient to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. *Dobrowolsky v. Califano*, 606 F.2d 403 (3d Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773 (4th Cir. 1972). Plaintiff bears the burden of proof. 42 U.S.C. § 423(d)(5); *Mihalsky v. Schweiker*, 540 F.Supp. 671 (E.D.Pa. 1982); *Warhola v. Harris*, 509 F.Supp. 1236, 1238 (E.D.Pa. 1981). Upon an examination of the entire record, including particularly the medical record, plaintiff's testimony and that of a vocational expert and the various exhibits, we conclude that the Administrative Law Judge's (ALJ) finding is not supported by substantial evidence and that plaintiff's motion for summary judgment should be granted.

The evidence discloses that the plaintiff, a former automobile mechanic, has a left upper arm which is "practically useless" (Tr. 204), and that it cannot be used at all for lifting, grasping, pushing, pulling or fine manipulation (Tr. 206). In view of these objective medical findings and upon consideration of the testimony of the vocational expert, the ALJ found that plaintiff had a "serious manipulative impairment" which only permitted use of the left hand as an "assistive device" (Tr. 20). We agree with the ALJ's conclusion as to limitations which plaintiff suffers as the result of an essentially nonfunctioning arm.

We part company with the ALJ, however, on the issue of whether plaintiff, a "compulsive drink[er]" (Tr. 234) and "known alcoholic" (Tr. 207, 208), a characterization which the ALJ apparently accepted (Tr. 17), suffers a disability within the meaning of the Act.

The test for determining whether an alcoholic is entitled to disability benefits requires consideration of whether the plaintiff is "addicted to alcohol and as a consequence has lost voluntary ability to control its use". *Adams v. Weinberger*, 548 F.2d 239, 244 (8th Cir. 1977). There is no real dispute as to the propriety and correctness of this standard. *Ferguson v. Schweiker*, 641 F.2d 243, 248–49 (5th Cir. 1981) (citing cases); *Hicks v. Califano*, 600 F.2d 1048, 1051 (4th Cir. 1979); *Gray v. Califano*, 448 F.Supp. 1142, 1145 (S.D.Cal.1978). *See also, Veal v. Califano*, 610 F.2d 495, 497 (8th Cir. 1979) and *Griffis v. Weinberger*, 509 F.2d 837, 838 (9th Cir. 1975).

In the case at bar, plaintiff's treating physician, Dr. DiNicola, opined that alcohol and medical problems have resulted in a "complete inability" on plaintiff's part to "retain employment" (Tr. 208). The reason assigned in support of his conclusion is plaintiff's "recurrent self destruction via the alcohol route" (Tr. 208).

Dr. DiNicola's findings are supported by a report of Dr. Heistand who found that the combination of diseases and limitations which plaintiff suffers results in a "physical inability to take care of himself" (Tr. 266). Hence, the doctor concluded claimant is "unable to engage in any productive endeavor" (Tr. 266).

An examining psychiatrist, Dr. Nicholls, apparently did not disagree. She termed plaintiff's drinking as "compulsive", but observed that it is not "impossible for him to interpret his realities" (Tr. 234).

The ALJ, in a lengthy and thoughtful decision, reviewed the relevant testimony and exhibits (Tr. 9–24). In so doing he made two somewhat related findings, neither of which is supported by the record. Moreover, one also apparently misapprehends the proper legal standard. Specifically, the ALJ found:

18. The claimant's alcoholism has not produced any secondary psychiatric or emotional disorders which would interfere with the claimant's ability to work; from a psychiatric standpoint, the claimant is able to carry out those daily activities he wishes to endeavor in. (Exhibit 43).

19. The claimant's alcoholism is not of a severity such that it has become involuntary or irremediable nor has it reached the extent that it prevents the claimant from voluntarily controlling his consumption of alcohol including also his power to seek and use means of rehabilitation. (Exhibit 43).

(Tr. 23)

We now examine those two findings. In support of finding number 18, the ALJ cited Exhibit 43. On the strength of that exhibit, the ALJ found that plaintiff's alcoholism "has not produced any ... emotional disorders which ... interfere with [his] ability to work". *See, supra.* Exhibit number 43, however, evidences just the opposite. The five-page document (Tr. 232–236) contains a form filled out by the psychiatrist, Dr. Nicholls. Question six thereon concerns plaintiff's ability to "sustain work". The doctor's response is that "[a]lcohol use can and according to history *has* interfered with work attendance" (Tr. 235) (emphasis added).

Finding 18, which supports the ALJ's decision, also appears to consider the wrong legal standard in determining plaintiff's assertion of disability. It states that plaintiff is "able to carry out ... daily activities". *See, supra.* The question before the ALJ was whether plaintiff can engage in substantial gainful employment. 42 U.S.C. § 423(d)(1)(A). Plaintiff's ability to carry out his "daily activities" is of limited legal relevance. *Smith v. Califano*, 637 F.2d 968, 971–72 (3d Cir. 1981) (disability is not equated with "vegetat[ing] in a dark room[,] excluded from all forms of human and social activity". Therefore, "shopping" and "hunting twice" does not preclude an award of benefits); *Yawitz v. Weinberger*, 498 F.2d 956, 972 (8th Cir. 1974) (a cross country camping trip does not preclude legal disability). *See also, Willem v. Richardson*, 490 F.2d 1247, 1249, n.4 (8th Cir. 1974).

Finding of fact number 19 is infirm in that it too lacks evidentiary support. It

appears that the improper factual finding contained in number 18 served as a predicate for the unsupportable factual finding contained in number 19. Finding 19 essentially tracks the language of the ALJ's "evaluation of the evidence" wherein he states that

claimant's alcoholism does not prevent him from doing the things he really wants to do; it is not at this point irremediable; has not yet become involuntary; and the claimant has not yet lost his ability to control his alcohol consumption.

(Tr. 18)

The problem with this evaluation of the evidence, as a predicate for later findings of fact, is that the relevant inquiry is *not* whether plaintiff can "do the things he really wants to do". The question, as noted above, is whether the plaintiff can engage in substantial gainful employment. Apparently the ALJ reasoned that one who can "do the things he really wants to do" does not suffer from "involuntary" alcoholism since he can stop drinking. Hence, the ALJ believed that plaintiff has not "lost his ability to control his alcohol consumption". He so found. *See*, Finding of Fact, number 19, *supra.*

The only evidence adduced which may arguably support a finding or prognosis of plaintiff's ability to control his alcohol is found in Dr. DiNicola's report of May 12, 1980. It states that "heroic efforts" notwithstanding, plaintiff has been unable to avoid "self destruction via the alcohol route" (Tr. 208). Plaintiff's inability to refrain from alcoholic consumption is not surprising in light of the fact that "some alcoholics can stop; more cannot". *Griffis v. Weinberger*, 509 F.2d 837, 838, n. 1 (9th Cir. 1975).

▆ In light of the "heroic measures" evidence, there is no need to remand to the ALJ to consider whether plaintiff can be "rehabilitated from chronic alcoholism", *Adams v. Schweiker*, 548 F.2d at 245, or whether "he has lost voluntary ability to control his use of alcohol, including the power to seek and use means of rehabilita-

tion". *Gray v. Califano*, 448 F.Supp. at 1145.

▆ As the Third Circuit observed, once plaintiff's *prima facie* case has been proven, it can be rebutted by a medical expert who

must at least be prepared to commit his professional opinion as to whether or not appellant is capable of working and as to what he can do. Anything less is not in our view "substantial evidence".

*Rossi v. Califano*, 602 F.2d 55, 58 (3d Cir. 1979), *quoting Whitson v. Finch*, 437 F.2d 728, 732 (6th Cir. 1971). Here, we have examined the report of Dr. Nicholls, upon which the ALJ relied, and we find no "commit[ment] of h[er] professional opinion" that plaintiff is capable of engaging in work or abstaining from alcohol.

Considering the fact that plaintiff is an alcoholic without prospects of voluntarily being able to control his use thereof, and that this evidence is unrebutted, we will grant plaintiff's motion for summary judgment. *See, Smith v. Califano*, 637 F.2d at 972 and *Rossi v. Califano*, 602 F.2d at 59.