**VELAZQUEZ, Lucila**

v.

**HECKLER, Margaret, Secretary of the United States Department of Health and Human Services.**

No. 86–1167.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Sept. 9, 1986.

Decided Oct. 7, 1986.

Rehearing and Rehearing En Banc Denied Dec. 31, 1986.

John C. Lyons, Lancaster, Pa., for appellant.

Pamela Darville, Asst. Regional Counsel, Beverly Dennis, III, Chief Counsel, Region III, Charlotte Hardnett, Supervisory Asst., Regional Counsel, Dept. of Health and Human Services, Philadelphia, Pa., Edward S.G. Dennis, Jr., U.S. Atty., James G. Sheehan, Chief, Civ. Div. Asst. U.S. Atty., E.D. Pa., Philadelphia, Pa., for appellee.

Before ALDISERT, Chief Judge, HIGGINBOTHAM, and HUNTER, Circuit Judges.

---

OPINION OF THE COURT

JAMES HUNTER, III, Circuit Judge:

Appellant Lucila Velazquez brought this action in United States District Court for the Eastern District of Pennsylvania under 42 U.S.C. § 1383(c)(3), incorporating by reference 42 U.S.C. § 405(g), to review a final determination by the Secretary of Health and Human Services denying her application for disability benefits and Supplemental Security Income ("SSI") benefits. Velazquez applied for disability benefits on April 11, 1983, and for SSI benefits on August 15, 1983. The Secretary denied Velazquez these benefits both initially and on reconsideration. Velazquez requested and was granted a hearing before an Administrative Law Judge ("ALJ"). After a *de novo* consideration of the case, the ALJ ruled on March 20, 1984 that Velazquez was not disabled within the meaning of the Act. The ALJ's ruling became the final decision of the Secretary when the Appeals Council denied Velazquez's request for review on May 3, 1984. Velazquez then commenced the present suit in federal district court to review the Secretary's decision finding her not disabled. The case was submitted on cross motions for summary judgment. By Order dated January 15, 1986, the Honorable Joseph L. McGlynn, Jr., United States District Judge for the Eastern District of Pennsylvania, denied Velazquez's motion for summary judgment and granted the Secretary's motion, thereby affirming her decision. This appeal followed.

Velazquez was born in Puerto Rico, where she attended school until the sixth grade. Velazquez received no further education in this country, and her English language skills are minimal. Between 1952 and 1973, Velazquez worked for two years as a foster mother, for three months as a school helper, and for three months as a laborer in a toy factory. From 1974 to 1982, she worked at a foundry where she cleaned sand cores with a wire brush, and was also required to lift and package the sand cores, which weighed between 15 and 25 pounds each. In 1982, at the age of 51, Velazquez left her job due to an allegedly disabling arthritic condition.

The ALJ evaluated Velazquez's claim for disability using the five-step process set out in the regulations promulgated by the Secretary to implement the Social Security Act. 20 C.F.R. § 404.1520 (1985). The pertinent regulations provide as follows:

EVALUATION OF DISABILITY

§ 404.1520 **Evaluation of Disability in general.**

(a) *Steps in evaluating disability.* We consider all material facts to determine whether you are disabled. If you are doing substantial gainful activity, we will determine that you are not disabled. If you are not doing substantial gainful activity, we will first consider your physical or mental impairment(s). Your impairment(s) must be severe and meet the duration requirement before we can find you to be disabled. We follow a set order to determine whether you are disabled. We review any current work activity, the severity of your impairment(s), your residual functional capacity and your age, education, and work experience. If we can find that you are disabled or not disabled at any point in the review, we do not review further.

(b) *If you are working.* If you are working and the work you are doing is substantial gainful activity, we will find that you are not disabled regardless of your medical condition or your age, education, and work experience.

(c) *You must have a severe impairment.* If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled. We will not consider your age, education, and work experience. However, it is possible for you to have a period of disability for a time in the past even though you do not now have a severe impairment.

(d) *When your impairment(s) meets or equals a listed impairment in Ap-*

*pendix 1.* If you have an impairment(s) which meets the duration requirement and is listed in Appendix 1 or is equal to a listed impairment(s), we will find you disabled without considering your age, education, and work experience.

(e) *Your impairment(s) must prevent you from doing past relevant work.* If we cannot make a decision based on your current work activity or on medical facts alone, and you have a severe impairment(s), we then review your residual functional capacity and the physical and mental demands of the work you have done in the past. If you can still do this kind of work, we will find that you are not disabled.

(f) *Your impairment(s) must prevent you from doing any other work.* (1) If you cannot do any work you have done in the past because you have a severe impairment(s), we will consider your residual functional capacity and your age, education, and past work experience to see if you can do other work. If you cannot, we will find you disabled.

The ALJ determined that Velazquez was not currently engaged in "substantial gainful activity," and that her disability was severe. The ALJ then decided that, under the terms of 20 C.F.R. § 404.1520(e), Velazquez was not disabled, because she had enough residual functional capacity to perform the duties of a laborer in a toy factory, as she had in 1973. In making this determination, the ALJ failed to take into account Velazquez's vocational profile, i.e., her age, education and work experience.

The ALJ erred in failing to consider Velazquez's vocational profile when determining that she was not disabled from performing her past relevant work as a laborer in a toy factory. The ALJ's determination was inconsistent with 20 C.F.R. § 404.1560(b), which states that "[w]hen we cannot decide whether you are disabled on medical evidence alone, we must use other evidence ... [including] information from

you about your age, education and work experience." [1] The determination of a claimant's residual functional capacity under 20 C.F.R. § 404.1520(e) is not based on "medical evidence alone" and therefore must take vocational factors into account. Because the ALJ declared Velazquez to be not disabled without considering her age, education and work history, his decision must be vacated. Thus, we will reverse and remand to the ALJ for reconsideration of Velazquez's application for disability benefits consistent with 20 C.F.R. § 404.1560(b).

---

1. *Cf. Baeder v. Heckler,* 768 F.2d 547 (3d Cir. 1985), (holding 20 C.F.R. § 404.1520(c) invalid because it does not consider vocational factors

in the analysis of whether a complainant's impairment is severe).