**Richard BURTON**

v.

**Otis R. BOWEN.**

**Civ. A. No. 85–5530.**

United States District Court,
E.D. Pennsylvania.

Jan. 30, 1989.

Stephen F. Gold, Philadelphia, Pa., for plaintiff.

Charisse R. Lillie, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

Plaintiff Richard Burton, a Social Security wage earner, filed an application for disability insurance benefits on July 10, 1984, alleging disability since March 1975. The application was denied by an Administrative Law Judge on July 1, 1985, and was subsequently denied at all administrative levels. Plaintiff filed an appeal with this Court which, by Order dated May 2, 1986, remanded the case to the Secretary of Health and Human Services ("Secretary"). On February 2, 1987, the Appeals Council vacated the ALJ's decision of July 1, 1985, in light of *Bailey v. Secretary of Health and Human Services*, Civil Action # 83–1797 (M.D.Pa., December 3, 1985) [1985 WL 6284]. The case was remanded to the ALJ for further proceedings. Following two hearings, the ALJ, in a decision dated July 15, 1987, concluded that the plaintiff was disabled within the meaning of the Social Security Act. On October 27, 1987, the Appeals Council declined to adopt the ALJ's finding and determined that the plaintiff was not disabled. The Secretary adopted the Appeals Council's decision, thereby making it the final decision of the Secretary.

The parties filed cross motions for summary judgment which were referred to a United States Magistrate for a report and recommendation. The Magistrate has recommended that the plaintiff's motion for summary judgment be denied and the Secretary's motion for summary judgment be granted. On December 7, 1988, plaintiff timely filed the following objections to the report and recommendation:

(1) The Magistrate failed to give proper weight to the disability determination rendered by another administrative agency;

(2) The Magistrate erred in failing to give proper weight to plaintiff's complaints of pain;

(3) The Magistrate disregarded medical testimony of the impact of plaintiff's use of alcohol and tobacco on the effectiveness of his medical treatment;

(4) The Magistrate erred by failing to take into account the plaintiff's vocational profile in determining that plaintiff was capable of returning to his past relevant work; and

(5) The Magistrate failed to determine that even if plaintiff were capable of returning to his past relevant work, such work would not constitute "substantial gainful activity."

Pursuant to Local Rule of Civil Procedure 7(IV)(b), this Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."

## I.

Plaintiff Richard Burton, a sixty one year old Philadelphia resident, has a sixth grade education and extremely limited reading abilities. His past relevant work history includes being a sanitation worket, a janitor, and an asphalt raker for the Philadelphia Streets Department. Mr. Burton has not worked since March 1975. The evidence of record reveals that the plaintiff has a long history of peptic ulcer disease and a work related right shoulder injury.

An upper gastrointestinal ("UGI") series of x-rays taken in February 1971 revealed that plaintiff has chronic duodenal scarring. A follow-up UGI series performed approximately ten months later revealed a duodenal ulcer. By January 1972, the duodenal ulcer had healed but a possible small gastric ulcer was detected. An additional small gastric ulcer was detected in November 1973. Plaintiff was hospitalized in June and July 1977 for treatment of his ulcers. Treatment included antacid, milk, and a bland diet along with instructions to avoid alcohol use, smoking, and ulcerogenic agents.

Between May 1977 and May 1979, Dr. Elizabeth Hughes treated the plaintiff for ulcer disease and prescribed Maalox and an ulcer diet. Dr. Hughes noted a history of alcohol abuse. In May 1981, an endoscopy revealed that plaintiff had a healed gastric ulcer but suffered from superficial gastric erosion and an active duodenal ulcer. He was discharged in good condition and was prescribed Tagament and antacids in an effort to heal the duodenal ulcer. In October 1984, Mr. Burton was taken to the hospital where he complained of chest pains and shortness of breath.

In 1970, while employed by the City of Philadelphia, plaintiff's right shoulder was crushed on an on-the-job accident. Plaintiff was subsequently found disabled by the City of Philadelphia. Plaintiff underwent an operation, the Monford procedure, consisting of excising the distal inch of the clavicle, which was partially successful in relieving plaintiff's pain, discomfort, and decreased range of motion.

At the hearing before the ALJ, Mr. Burton testified that he experiences frequent sharp pain in his stomach which requires him to take medication and rest for a period of time. He further testified that he experiences such pain at night, thereby interfering with his ability to sleep. He testified that he is incapable of driving long distances; cannot perform any major housecleaning chores; cannot carry a bag of groceries from his car to his residence; and is incapable of walking more than one block. Finally, he testified that during the day, he watches television and naps frequently. Mr. Burton's testimony as to his pain, its frequency, and his daily limitations was corroborated by the testimony of both Ms. Annie London, who has lived with plaintiff for twenty years, and Mr. George Stanley, plaintiff's neighbor.

Based upon the aforementioned evidence, the Magistrate concluded that the Appeals Council's determination that Mr. Burton was not disabled within the meaning of the Act was supported by substantial evidence.

## II.

As previously stated, plaintiff has filed Objections to the Magistrate's Report and Recommendation:

A. *Disability Determination by the City of Philadelphia*

 Plaintiff's first objection concerns the Magistrate's failure to give any weight to the previous disability determination rendered by the City of Philadelphia. The Magistrate stated:

> It is also of no help to the plaintiff that he has already been found disabled by the City of Philadelphia. A decision by an agency that an individual is disabled based on its own rules regarding disability, not Social Security disability law, is not binding on the Secretary.

Report and Recommendation, p. 17. While it is true that decisions by other government agencies concerning an individual's disability are not binding upon the Secretary, the Third Circuit requires that these determinations be given "substantial weight" in determining whether an individual is disabled. *Lewis v. Califano*, 616 F.2d 73, 76 (3d Cir.1980); *Fowler v. Califano*, 596 F.2d 600, 603–04 (3d Cir.1979); *Brown v. Schweiker*, 562 F.Supp. 284, 288–89 (E.D.Pa.1983). Indeed, in *Lewis, supra,* the Third Circuit held that a medical determination that an individual is disabled for purposes of receipt of welfare benefits satisfies the plaintiff's burden of proving disability and shifts the burden of proving nondisability to the Secretary. 616 F.2d at 76. Thus, the failure of the Magistrate to afford any weight whatsoever to the determination by the City of Philadelphia that plaintiff was disabled was error.

B. *Plaintiff's Complaints of Pain and Evidence of Plaintiff's Use of Alcohol and Tobacco*

Plaintiff next objects to the Magistrate's rejection of the plaintiff's complaint of pain and physical incapacity. Specifically, plaintiff objects to the Magistrate's determination that there is substantial evidence to support the Appeals Council's finding concerning plaintiff's subjective complaints of pain, to wit:

> The claimant's testimony regarding his symptomology and pain is not found to

be credible as to severity, frequency, and duration, and is not found to be consistent with the medical evidence.

We note that the Appeals Council rejected the ALJ's finding that "the subjective complaints of the claimant including the extent of his gastrointestinal difficulty are credible and corroborated by the objective medical evidence ..."

■ The Third Circuit, in *Dobrowolsky v. Califano,* 606 F.2d 403, 409 (3d Cir.1979) stated that "testimony of subjective pain and inability to perform even light work is entitled to great weight, particularly when ... it is supported by competent medical evidence." Such subjective complaints of pain, however, need not be fully confirmed by objective medical evidence in order to be afforded significant weight. *Smith v. Califano,* 637 F.2d 968, 972 (3d Cir.1981); *Bittel v. Richardson,* 441 F.2d 1193, 1195 (3d Cir.1971). Moreover, as stated by the Third Circuit in *Green v. Schweiker:*

> While there must be objective medical evidence of some condition that could reasonably produce pain, there need not be objective evidence of the pain itself.

749 F.2d 1066, 1070–71 (3d Cir.1984). Finally, the Third Circuit has held that where a claimant's testimony as to pain is reasonably supported by medical evidence, the Secretary may not discount claimant's pain without contrary medical evidence. *Ferguson v. Schweiker,* 765 F.2d 31, 37 (3d Cir. 1985); *Chrupcala v. Heckler,* 829 F.2d 1269, 1275–76 (3d Cir.1987).

■ Based on this record, we believe that plaintiff's subjective complaints of pain and temporary physical incapacitation should have been credited since they are supported by evidence of medical impairments "which could reasonably be expected to produce the pain or symptoms alleged." *Green v. Schweiker,* 749 F.2d at 1069. The record is replete with objective medical evidence corroborating both plaintiff's testimony as well as that of two lay witnesses concerning plaintiff's pain. Indeed, the record reveals that plaintiff has not only been periodically hospitalized for severe episodic ulcer pain but also has been treated by private physicians for the same condition. The record further reveals that despite the prescribing of medication and diet, plaintiff's pain was, at best, only temporarily relieved. Moreover, medical records reveal that plaintiff suffers from minor musculoskeletal difficulty in the right shoulder, thereby accounting for his claims of pain and limited motion.

The principal factor relied upon by the Magistrate in rejecting the plaintiff's claim of pain was the testimony of Dr. Doris Goodman, Social Security Medical Adviser, that chronic ulcer disease, the medical condition from which plaintiff suffers, is "almost always medically controllable." However, the record also reveals that during the course of his medical treatment for ulcer disease, plaintiff regularly smoked cigarettes and drank alcohol to the point where he was diagnosed as an alcohol abuser. Dr. Goodman testified as to the likely impact of smoking and drinking on the efficacy of the medical treatment provided:

> I would say that if he is partaking of alcohol and tobacco at the time he had his symptoms, that its very, very likely that the treatment will not relieve his pain completely, and as a matter of fact, its very likely that it will cause recurrences and make his symptoms worse.

Tr. 328. Thus, Dr. Goodman significantly modified her opinion, relied upon by the Magistrate, that chronic ulcer disease is medically controllable, in light of plaintiff's uncontroverted history of alcohol abuse and tobacco use. We further note that the Magistrate did not find and the record reveals no evidence upon which he could have found that plaintiff's failure to stop smoking and drinking was willful and inexcusable. *See McShea v. Schweiker,* 700 F.2d 117, 118–19 (3d Cir.1983); *Andrews v. Heckler,* 573 F.Supp. 1089, 1092–95 (E.D. Pa.1983).

### C. Determination that Plaintiff Retains the Residual Functional Capacity to Perform Past Relevant Work

Plaintiff objects to the Magistrate's determination that the plaintiff retains the residual functional capacity to perform

past relevant work on two grounds: (1) that the Magistrate incorrectly defined plaintiff's past relevant work as that of a janitor; and (2) that the Magistrate failed to consider the plaintiff's vocational profile in determining that Mr. Burton could perform past relevant work.

The law concerning the Secretary's determination of whether a claimant is capable of performing past relevant work is clearly stated in *Rossi v. Califano:*

> There is a two-pronged test for social security act disability; (1) determination of the extent of disability; and (2) determination of whether the impairment results in inability to engage in substantial gainful activity. A claimant satisfies her initial burden of proof by showing that she is unable to return to her *customary occupation* ... Once she has made such a demonstration, the burden of proof shifts to the Secretary to show that the claimant, given her age, education, and work experience, has the capacity to perform specific jobs that exist in the national economy ... *If there is no finding as to the availability of alternative employment a denial of disability benefits can only be sustained if there is medical evidence in the record that claimant's impairment did not prevent her from engaging in her former occupation.*

602 F.2d 55, 57 (3d Cir.1979) (emphasis added); *see also Ferguson v. Schweiker,* 765 F.2d 31, 36–37 (3d Cir.1985). In order for previous employment to be considered "past relevant work", it must have been substantial gainful activity. 20 C.F.R. § 404.1565(a). While part-time work may be substantial gainful activity, 20 C.F.R. § 404.1572(a), such employment will not be deemed substantial gainful activity if the earnings from that work fall below certain minimum levels. 20 C.F.R. §§ 404.-1574(b)(2) and (3). Specifically, if plaintiff's earnings average more than $200.00 per month in calendar years prior to 1976, the employment will be substantial gainful activity, 20 C.F.R. § 404.1574(b)(2)(i), whereas if plaintiff's earnings average less than $130.00 per month in calendar years prior to 1976, the employment will not be con-

sidered substantial gainful employment. 20 C.F.R. § 404.1574(b)(3)(i).

■ The record reveals that Mr. Burton worked for the City of Philadelphia as a laborer and asphalt raker from 1955 to 1971 when, as a result of an on the job accident, he was placed on disability by the City. Between 1973 and 1975, while on a City disability pension, Mr. Burton performed sporadic part time work as a "janitor" at a movie house. Mr. Burton testified that he had to leave this part time job, described as consisting primarily of "picking up papers between the seats", due to severe pain in his stomach. The record indicates that Mr. Burton's earnings from this job were $995.00 in 1973; $2,000.00 in 1974; and $160.00 in 1975. Thus, over the past three years of his part time employment, Mr. Burton earned a total of $3,055.00 or $84.86 per month, well below the regulatory definition of "substantial gainful activity." Accordingly, Mr. Burton's past relevant work experience was not, as found by the Appeals Council and Magistrate, that of a janitor, but, rather, was that of a laborer/asphalt worker. Thus, the finding by the Appeals Council and the Magistrate that plaintiff retains the residual functional capacity to perform his past relevant work (as a janitor) is, as a matter of law, incorrect.

■ Irrespective of the nature of Mr. Burton's past relevant work experience, both the Appeals Council and the Magistrate erred in failing to consider the testimony of the vocational expert regarding plaintiff's vocational profile in determining plaintiff's residual functional capacity. It is well established that in cases where significant nonexertional impairments are at issue and medical evidence of record is not dispositive of the determination of the plaintiff's residual functional capacity, the testimony of the vocational expert must be considered. 20 C.F.R. §§ 404.1545 and 404.1560(b); *Velazquez v. Heckler,* 802 F.2d 680, 682 (3d Cir.1986); *Green v. Schweiker,* 749 F.2d 1066, 1072 (3d Cir. 1984). In the instant case, plaintiff presented ample evidence of significant non-exertional impairments, *see Id.* at 1072,

and medical evidence alone does not support a determination of plaintiff's residual functional capacity. Thus, the testimony of the vocational expert had to be considered.

Dr. Robert Wolf, the vocational expert, testified at the hearing that, based upon the evidence of record including plaintiff's complaints of pain and physical limitation, there were no jobs in the regional economy that Mr. Burton was capable of performing. Dr. Wolf explained:

> The major limitation is this: based on his testimony and the medical evidence, he does not obtain spontaneous recovery after his period of self-medication, therefore, he would not be able to return to any activity of productive consequence for which he is trained, experientially and educationally, and therefore would be unable to maintain a consistent work schedule due to the peaks of his symptomotology.

The explicit evidence concerning this non-exertional impairment renders the Appeals Council's and Magistrate's determination, without reference to the vocational expert's testimony, that the nonexertional impairment is not disabling, incorrect as a matter of law. *See Green v. Schweiker*, 749 F.2d at 1072; *Simmonds v. Heckler*, 807 F.2d 54, 58–59 (3d Cir.1986); *Singleton v. Schweiker*, 551 F.Supp. 715, 723–24 (E.D. Pa.1982).

### III.

■ Based upon the foregoing analysis and the evidence of record, it is clear that the plaintiff, contrary to the Appeals Council's and Magistrate's finding, did satisfy his initial burden, under *Rossi, supra*, of establishing a prima facie case that he lacks the residual functional capacity to perform his past relevant work (whether such work is determined to be that of a janitor or laborer/asphalt worker). Indeed, plaintiff's longstanding complaints of pain and physical limitations corroborated by extensive records of hospitalization and treatment; the corroborating testimony of two lay witnesses as to plaintiff's pain and physical limitations; the opinion of the So-

cial Security Medical Adviser that, given plaintiff's alcholic abuse and tobacco use, his chronic ulcer disease would not be controllable; the prior determination by the City of Philadelphia that plaintiff was disabled; and the opinion of the Social Security vocational expert that Mr. Burton's exertional and nonexertional impairments disqualify him for any job in the economy, clearly satisfies his initial burden.

■ Having satisfied his initial burden of proof, "the burden of proof shifts to the Secretary to show that the claimant, given her age, education, and work experience, has the capacity to perform specific jobs in the national economy." *Rossi v. Califano*, 602 F.2d at 57–58. "It would appear sufficient, for purposes of the substantial evidence test, for the Secretary to demonstrate, to the satisfaction of the reviewing court, that there exists many jobs capable of being filled by an individual with the claimant's characteristics." *Santise v. Schweiker*, 676 F.2d 925, 938 (3d Cir.1982). Given the unambiguous and uncontroverted conclusion of the vocational expert that *no* jobs were available for a person with plaintiff's characteristics, the Secretary has clearly not met his burden. Thus, pursuant to *Rossi*, "a denial of disability benefits can only be sustained if there is medical evidence in the record that claimant's impairment did not prevent her from engaging in her former occupation." 602 F.2d at 57; *Ferguson v. Schweiker*, 765 F.2d at 36–38.

The Third Circuit, in *Rossi v. Califano*, has articulated the medical evidence necessary to be established by the Secretary:

> To overcome plaintiff's prima facie case of of disability with medical witness testimony alone, the medical expert must at least be prepared to commit his professional opinion as to whether or not plaintiff is capable of working and as to what he can do. Anything less is not in our view substantial evidence.

602 F.2d at 58 *quoting Whitson v. Finch*, 437 F.2d 728, 732 (6th Cir.1971); *see also*

*Green v. Schweiker,* 749 F.2d at 1071.[1] We have examined the record for an expert medical opinion that Mr. Burton was capable of working in March 1975, and as to what he could do. The testimony of the medical experts, Dr. Vare and Dr. Goodman, never specifically addresses these required issues. Thus, we conclude that the Secretary has failed to adduce substantial evidence to rebut plaintiff's prima facie case.

### IV.

This Court, after reviewing the decision of the Secretary, may, under 42 U.S.C. § 405(g), affirm, modify or reverse the Secretary's decision with or without a remand to the Secretary for a rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir.1984). The decision to reverse the Secretary and direct the payment of benefits is appropriate "when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." *Id.* at 221–22; *see also Woody v. Secretary of Health and Human Services,* 859 F.2d 1156, 1163 (3d Cir.1988). Indeed, in *Rossi v. Califano,* 602 F.2d 55 (3d Cir.1979), the Third Circuit held that when, as is the case here, the plaintiff establishes a prima facie case, no substantial contrary evidence exists, and there is no evidence of a possibility of alternative employment, a remand is unnecessary. *See also Keegan v. Heckler,* 744 F.2d 972, 978 (3d Cir.1984).

As previously stated, we find that plaintiff Richard Burton has established his prima facie case, that no substantial contrary evidence exists, and there is no evidence of a possibility of alternative employment. We further note that Mr. Burton filed his application on July 10, 1984. Four and one-half years of administrative and judicial proceedings have produced a record sufficient to make a determination of benefits without need for yet another remand.

Accordingly, for the reasons stated above, this Court will deny the Secretary's Motion for Summary Judgment; grant the plaintiff's Motion for Summary Judgment; and remand this matter to the Secretary of Health and Human Services for the sole purpose of calculating and awarding benefits to plaintiff.

---

1. In *Santise v. Schweiker,* 676 F.2d 925 (3d Cir. 1982), the Third Circuit modified the requirements in *Rossi v. Califano,* by allowing physical capacities evaluation forms, accompanied by thorough written reports, to substitute for expert medical testimony. However, such a modification is applicable only in cases where there are no significant non-exertional impairments. In the instant case, of course, there are significant non-exertional impairments. Therefore, the requirements enunciated in *Rossi* are fully applicable.