Richard **BURTON**

v.

Otis R. **BOWEN, M.D.**

Civ. A. No. 85–5530.

United States District Court,
E.D. Pennsylvania.

March 29, 1989.

Stephen F. Gold, Philadelphia, Pa., for plaintiff.

Charisse R. Lillie, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

By Order with accompanying Memorandum dated January 30, 1989, this Court granted plaintiff Richard Burton's motion for summary judgment on his social security disability claim, remanding the matter to the Secretary for the calculation and award of benefits, 704 F.Supp. 599.

Plaintiff has now filed a motion for the award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The EAJA provides that "a court shall award to a prevailing party other than the United States" reasonable attorney's fees and expenses "incurred by that party in any civil action ... brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

It is well established that, under the EAJA, the Government has the burden of proving that its position was substantially justified. *Citizens Council of Delaware County v. Brinegar*, 741 F.2d 584, 592 (3d Cir.1984); *Dougherty v. Lehman*, 711 F.2d 555, 561 (3d Cir.1983). The meaning of the phrase "substantially justified" in 28 U.S. C. § 2412(d)(1)(A), has been the subject of considerable judicial scrutiny. *See generally* Note, The Equal Access to Justice Act in the Federal Courts, 84 Colum.L.Rev. 1089 (1984).

In its most recent decision concerning application of the EAJA, the Supreme Court, in *Pierce v. Underwood*, held that the term "substantially justified" does not mean:

[J]ustified to a high degree, but rather justified in substance or in the main— that is, justified to a degree that could satisfy a reasonable person ... To be substantially justified means, of course, more than merely undeserving of sanctions for frivolousness; that is assuredly not the standard for Government litigation of which a reasonable person would approve.

—— U.S. ——, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988). Justice Scalia, writing for the Court, stated that "a position can be justified even though it is not correct, and we believe it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." Id. at —— n. 2, 108 S.Ct. at 2550 n. 2.

■ The definition adopted by the Supreme Court in *Pierce v. Underwood, supra*, comports with the "reasonable basis both in law and fact" formulation adopted by the Third Circuit. *See Russell v. Heckler*, 814 F.2d 148, 152–153 (3d Cir.1987). Indeed, as Judge Hunter held, in *Stokes v. Bowen*, to carry the burden of proving substantial justification, the Government must show:

(1) [A] reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory [the Government] propounds; and (3) a reasonable connection between the facts alleged and the legal theory advanced.

811 F.2d 814, 816 (3d Cir.1987) *quoting Citizens Council of Delaware County v. Brinegar*, 741 F.2d 584, 593 (3d Cir.1984).

■ It has not and cannot be disputed that plaintiff is the "prevailing party" within the meaning of the EAJA. Therefore, the primary issue before this Court is whether the Secretary has carried the requisite burden, that is, whether substantial justification for the Secretary's position has been demonstrated. In determining whether the Secretary's position was substantially justified, the Court should consider both the position taken by the government in the civil litigation and the agency action upon which the civil action is based. 28 U.S.C. § 2412(d)(2)(D); *Washington v. Heckler,* 756 F.2d 959, 961 (3d Cir.1985). We are, however, cautioned against permitting a request for attorney's fees to result in a "second major litigation." *Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983).

■ Following lengthy agency action, an Administrative Law Judge, in a decision dated July 15, 1987, concluded that the plaintiff was disabled within the meaning of the Social Security Act. On October 27, 1987, the Appeals Council declined to adopt the ALJ's finding and determined that plaintiff was not disabled. The Magistrate to whom this matter was referred recommended that the plaintiff's motion for summary judgment be denied and the Secretary's motion for summary judgment be granted. Objections were filed by plaintiff to the Magistrate's Report and Recommendation, and this Court, upon a *de novo* review of the record, found that summary judgment should be granted in favor of plaintiff and against the Secretary, remanding the case only for the calculation and award of benefits. The Government argues that the actions of the Secretary at the administrative level were substantially justified. This Court disagrees.

■ First, the Appeals Council, in rejecting the ALJ's finding of disability failed to afford any weight whatsoever to the previous disability determination rendered by the City of Philadelphia. The law of the Third Circuit is explicit that disability determinations by other administrative agencies, while not binding on the. Secretary, must be given "substantial weight" in de-

termining whether an individual is disabled. *See Lewis v. Califano,* 616 F.2d 73, 76 (3d Cir.1980); *Fowler v. Califano,* 596 F.2d 600, 603–604 (3d Cir.1979). While the Secretary was certainly entitled, in weighing the significance of the disability determination rendered by Philadelphia, to consider plaintiff's subsequent employment history, it was not reasonable for the Secretary, without explanation, to simply ignore the determination of another administrative agency. Indeed, failure to follow or apply settled law is never "substantially justified" under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) and could never satisfy a reasonable person. *See Pierce v. Underwood, supra; Natural Resources Defense Council, Inc. v. United States Environmental Protection Agency,* 703 F.2d 700 (3d Cir.1983).

Second, the Appeals Council, in rejecting plaintiff's credible complaints of pain, supported by competent medical evidence, did so in contradiction of the clear legal precedent in this Circuit. Indeed, the Third Circuit, in *Dobrowolsky v. Califano,* stated that "testimony of subjective pain and inability to perform even light work is entitled to great weight, particularly when ... it is supported by competent medical evidence." 606 F.2d 403, 409 (3d Cir.1979). The record is replete with both objective medical evidence corroborating plaintiff's complaints of pain and physical incapacitation as well the uncontradicted testimony of two lay witnesses concerning plaintiff's pain. Indeed, we note that the Appeals Council, without benefit of any additional evidence, rejected the ALJ's finding that "the subjective complaints of the claimant including the extent of his gastrointestinal difficulty are credible and corroborated by the objective medical evidence."

■ Where a claimant's testimony as to pain is reasonably supported by medical evidence, the Secretary may not discount claimant's testimony without contrary medical evidence. *Ferguson v. Schweiker,* 765 F.2d 31, 37 (3d Cir.1985). In the instant case, the Secretary discounted claimant's testimony primarily based upon the testimony of the Social Security Medical

Adviser to the effect that chronic ulcer disease, the medical condition from which plaintiff suffers, is "almost always medically controllable." However, when confronted with evidence, from the record, that plaintiff regularly smoked cigarettes and drank excessive amounts of alcohol, the Medical Adviser significantly modified her opinion. While the Secretary contends that the record was incomplete and ambiguous concerning whether plaintiff was an alcoholic, we note that plaintiff was, in fact, diagnosed as an alcohol abuser. More importantly, however, given the fact that the nature of plaintiff's alcohol and tobacco use was critical to the medical opinion relied upon by the Secretary in disputing plaintiff's complaints of pain, it was unreasonable for the Secretary, in the four and one-half years this case was pending, to fail to develop the record more fully. We find, therefore, that it was not reasonable for the Secretary to reject plaintiff's subjective complaints of pain and physical incapacitation on the basis of such weak contrary medical evidence.

Third, the Appeals Council, in failing to consider the testimony of the vocational expert regarding plaintiff's vocational profile in determining plaintiff's residual functional capacity, ignored the clear holding of the Third Circuit. It is well established that in cases where significant nonexertional impairments are at issue and medical evidence of record is not dispositive of the determination of the plaintiff's residual functional capacity, the testimony of the vocational expert must be considered. *Velazquez v. Heckler*, 802 F.2d 680, 682 (3d Cir.1986).[1] The record reveals ample evidence of significant nonexertional impairments and the medical evidence of record, standing alone, does not support a determination of plaintiff's residual functional capacity. Accordingly, it was unreasonable to ignore the testimony of the vocational expert that plaintiff "would not be able to

return to any activity of productive consequence for which he is trained, experientially and educationally, and therefore would be unable to maintain a consistent work schedule due to the peaks of his symptomology."

For the reasons mentioned above, this Court finds that there was no basis in law or fact for concluding that the plaintiff was not disabled. Accordingly, because the Secretary failed to meet his burden of demonstrating that his position was substantially justified, plaintiff is entitled to an award of attorney's fees.

■ The EAJA provides that attorney's fees "shall be based upon prevailing market rates for the kind and quality of the services furnished," but "shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor ... justifies a higher fee." 28 U.S.C. § 2412(d)(2). Plaintiff requests a 28.3% cost of living adjustment to the $75.00 statutory maximum to account for inflation from October 1981, the date of the amendment to subsection (d) to 28 U.S.C. § 2412, through January 1989, calculated in accordance with the Consumer Price Index. Plaintiff did not include the underlying Consumer Price Index figures for October 1981 and January 1989. The Court has, however, determined that the CPI for October 1981 was 279.7 while the CPI for January 1989 was 362.7. Thus, the CPI actually increased by 29.6% from October 1981 through January 1989. As indicated, however, plaintiff has only requested a 28.3% cost of living adjustment. Accordingly, plaintiff requests reimbursement of attorney's fees at an hourly rate of $96.25. The Secretary has not opposed plaintiff's computation of the cost of living adjustment.

The Third Circuit has responded favorably to requests for cost of living adjustments, noting that "the cost of living adjustment provision seems designed to pro-

---

1. The Third Circuit holding in *Velazquez* was, of course, issued nine months prior to the ALJ decision and one year prior to the Appeals Council's decision in the instant case. The fact that the Secretary, when confronted with plaintiff's motion for summary judgment, offered the plaintiff the opportunity to have his case remanded for evaluation under *Velazquez*, hardly supports the conclusion that both the ALJ and the Secretary acted reasonably in failing to apply *Velazquez*.

vide a disincentive to agencies to prolong the litigation process." *Natural Resources Defense Council, Inc. v. Environmental Protection Agency,* 703 F.2d 700, 713 (3d Cir.1983). Moreover, Judge Gibbons, in *Allen v. Bowen,* held that the consumer price index could be used in determining cost of living adjustment under the EAJA, for purposes of awarding attorney fees in disability benefits cases. 821 F.2d 963 (3d Cir.1987).

As previously stated, it has taken four and one-half years of conscientious effort on the part of plaintiff's counsel to bring this matter to a close. Accordingly, we find that both inflation and the value of the services performed justifies an upward adjustment of the statutory award of $75.00 per hour, to $96.25 per hour. *See Hirschey v. F.E.R.C.,* 777 F.2d 1, 5 (D.C.Cir.1985); *Hoffman v. Heckler,* 656 F.Supp. 1136, 1136 (E.D.Pa.1987); *Leopold v. Heckler,* No. 83–3707, 1986 WL 1233 (E.D.Pa. January 27, 1986); *Sierra Club v. Marsh,* 639 F.Supp. 1216, 1221 (D.Me.1986); *Jackson v. Heckler,* 629 F.Supp. 398, 405 (S.D.N.Y. 1986).

Plaintiff's counsel has documented 53.2 hours expended in the instant case; a total not challenged by the Secretary. Based upon our review of the submission, we conclude that plaintiff's counsel exercised the necessary "billing judgment" by making a "... good faith effort to exclude from a fee request hours that are excessive, reduntant, or otherwise unneccessary." *Hensley v. Eckerhart,* 461 U.S. at 434, 103 S.Ct. at 1939–1940. Accordingly, this Court will grant plaintiff's motion for attorney's fees in the amount of $5120.50.

### ORDER

AND NOW, this 29th day of March, 1989, for the reasons set forth in the Court's Memorandum of March 29, 1989,

IT IS ORDERED:

1. Plaintiff's motion for an award of attorney's fees pursuant to the Equal Access to Justice Act is GRANTED.

2. Defendant shall pay plaintiff an attorney's fee in the amount of Five Thousand One Hundred Twenty Dollars and Fifty Cents ($5120.50).