**William McSHEA, Appellant,**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Appellee.**

**No. 82–1453.**

United States Court of Appeals, Third Circuit.

Argued Jan. 13, 1983.

Decided Feb. 18, 1983.

Eric J. Fischer (argued), Community Legal Services, Inc., Philadelphia, Pa., for appellant.

Gary S. Turetsky (argued), Asst. Regional Atty., Diane C. Moskal, Regional Atty., Region III, Dept. of Health and Human Services, Peter F. Vaira, Jr., U.S. Atty., Stanley M. Weinberg, Asst. U.S. Atty., Eastern Dist. of Pennsylvania, Philadelphia, Pa., for appellee.

Before WEIS, SLOVITER and BECKER, Circuit Judges.

## OPINION OF THE COURT

WEIS, Circuit Judge.

In the course of presenting a claim for benefits under the Social Security Act on the basis of several physical conditions, plaintiff produced hospital records which disclosed that he also suffered from severe alcoholism. Because the agency failed to properly evaluate this condition in conjunction with the plaintiff's contentions of disability, we remand for further consideration.

Plaintiff applied for payments under both the disability, 42 U.S.C. §§ 401–432 (1976 & Supp. IV 1980), and the supplemental security income, *id.* §§ 1381–1385 (1976 & Supp. IV 1980), provisions of the Social Security Act. After a hearing, the ALJ denied benefits in a ruling that was affirmed by the Appeals Council. The district court found there was substantial evidence to sustain the agency's decision.

Plaintiff is 61 years of age. He was an insurance adjuster for many years, but has not worked since 1973. He claims to be disabled because of paralysis on the left side, a heart condition, and a lung impairment. At the hearing before the ALJ, plaintiff stated, "I don't consider myself a heavy drinker," and added, "I still love my booze but I wouldn't touch it now, I'm afraid of it." However, he admitted that he still drank beer, and said, "[T]here's no such thing as an alcoholic."

The medical evidence, as gleaned from hospital records, shows that in 1975 plaintiff disclosed a history of drinking two quarts of beer and a half pint of whiskey per day. In March 1976, he was admitted to Hahnemann Hospital in Philadelphia and discharged three weeks later. The diagnosis was tuberculosis. An admission note commented on "chronic alcohol abuse."

In December 1978, plaintiff was admitted to St. Agnes Hospital in Philadelphia after being found at the foot of some subway steps with a laceration on the back of his head. The admission report stated that plaintiff "looked severely intoxicated." The final diagnosis was fractured skull, cerebral contusion, alcoholism, and dementia. Plaintiff had a stormy, two-month confinement at the hospital. On discharge, the record noted, "The patient remained in a state of dementia, still confused, disoriented, hypokinetic with decreased level of speech." Plaintiff was then sent to a nursing home where he remained until November 1979.

The next hospital record is also from St. Agnes Hospital, where plaintiff was admitted in November 1979 after another fall. It noted that plaintiff "is known to have a left hemiparesis for the last four years . . . and a heart condition." He was discharged two days later.

At the request of the Secretary, plaintiff was examined in March 1980 by a first-year medical resident. The resident found "[p]eripheral neuropathy of a mild degree, probably on a nutritional basis[,] [s]ubstantial alcohol abuse, with relative [sic] few stigmata of chronic alcohol or liver disease on physical examination[,] . . . [p]robable seizure disorders by history, . . . [n]eeds EEG and Brain Scan." During the examination, plaintiff conceded that he "used to be a heavy drinker, up to over 1 quart a day of whiskey." Although the plaintiff's speech was fluent and coherent, "his thought content was disjointed." The resident found that plaintiff had adequate ranges of motion and could sit for sustained periods, but submitted no opinion on whether he was able to work.

The EEG and brain scan apparently were not performed after the resident's medical examination. However, the St. Agnes Hospital records show that EEGs were performed there in January 1979 and indicated "abnormal tracing."

The ALJ cited the report by the resident, and discredited the plaintiff's testimony about his physical condition as inconsistent with the medical evidence. Plaintiff was found able to work except when it required prolonged sitting, standing, walking, or medium to heavy lifting.

The medical records in this case reek of chronic and severe alcoholism. Nevertheless, the ALJ apparently discounted that evidence because of the resident's comment that there were "few stigmata of chronic alcohol or liver disease." No mention is made in the resident's report of a review of the prior hospital records, and it must be assumed that the medical history came from plaintiff. Under those circumstances, there is some doubt whether the resident would have come to his conclusion about a lack of physiological damage had he been given the other medical data that was available to the ALJ.

The failure of the ALJ to closely scrutinize the examiner's report, however, is consistent with the general approach taken to the plaintiff's claim. The ALJ minimized the subjective complaints about pain in the left side and recurrent blackouts, apparently without recognizing a possible connection between those conditions and plaintiff's alcoholism.

■ That disease may be severe enough to constitute a compensable disability. Early decisions under the Social Security Act demonstrated reluctance to award benefits to an alcoholic. *See, e.g., Mays v. Ribicoff,* 206 F.Supp. 170 (S.D.W.Va.1962). However, in *Griffis v. Weinberger,* 509 F.2d 837, 838 (9th Cir.1975), it was held that "chronic alcoholism . . ., standing alone, can, if serious enough, amount to a disability." As the court stated, "The proposition that chronic acute alcoholism is itself a disease, 'a medically determinable physical or mental impairment,' is hardly debatable today." *Id.*

The Court of Appeals for the Fifth Circuit in *Ferguson v. Schweiker,* 641 F.2d 243 (5th Cir.1981), agreed that alcoholism, either alone or combined with other causes, can constitute a compensable disability "if it prevents a claimant from engaging in substantial gainful employment." *Id.* at 248. *See also Cannon v. Harris,* 651 F.2d 513 (7th Cir.1981); *Adams v. Weinberger,* 548 F.2d 239 (8th Cir.1977).

The ALJ in the case at hand apparently believed that if he found no objective physical impairment resulting from alcoholism, the inquiry was ended. That theory, however, has been rejected by the courts. In *Hicks v. Califano,* 600 F.2d 1048, 1051 (4th Cir.1979), the court said, "Nothing in the Social Security Act permits rejection of a disability claim simply because the claimant has not experienced significant end organ damage. [citation omitted] Where there is evidence of alcohol abuse, the Secretary must inquire whether the claimant is addicted to alcohol and, as a consequence, has lost the ability to control its use."

Further inquiry about the extent of the plaintiff's alcoholism did not go beyond his denial of its existence and his testimony that he had curtailed the use of intoxicants. This approach fails to recognize that an alcoholic's negative attitude is a common accompaniment of the disease. The same issue was presented in *Adams v. Weinberger,* where the Court of Appeals for the Eighth Circuit held, "Such testimony may be relevant if, medically, the claimant has the power to control his alcoholism; otherwise, the statement represents the rationalizations of a sick individual who does not realize the extent of his illness." 548 F.2d at 245. *See also Ferguson v. Schweiker,* 641 F.2d at 249; *Lofton v. Schweiker,* 653 F.2d 215, 218 (5th Cir.1981); *Veal v. Califano,* 610 F.2d 495, 497 (8th Cir.1979); *Swaim v. Califano,* 599 F.2d 1309, 1312 (4th Cir. 1979).

It is true that plaintiff did not list alcoholism as one of his disabling conditions. That, however, does not excuse the Department of Health and Human Services from scrutinizing a condition that was so directly brought to its attention. As the court observed in *Cannon v. Harris,* 651 F.2d at 519, when the evidence of alcoholism raises an issue as to the plaintiff's mental and psychological capacity to engage in substantial gainful activity, the ALJ should pursue the matter. He must develop a full and fair record. *See also Coulter v. Weinberger,* 527 F.2d 224 (3d Cir.1975); *Hess v. Secretary of Health, Education and Welfare,* 497 F.2d 837 (3d Cir.1974).

■ The record here demonstrates conclusively that the issue of alcoholism was neither evaluated nor investigated properly. The case therefore must be remanded to the Secretary for additional fact finding and reassessment, to determine whether the alcoholism standing alone, or in conjunction with the plaintiff's other impairments, entitles him to benefits under either the disability or SSI provisions.

Although we express no opinion about the ultimate decision on remand, we confess that we are troubled by the plaintiff's statement in the record that he "very seldom touch[es] [alcohol]" now because he "[c]an't afford it." The implication is that if he had more money, he might imbibe more.

■ Awarding disability compensation where the net result would be to exacerbate a disabling condition is of questionable benefit to the recipient. However, the regulations covering beneficiaries of supplemental security income benefits are helpful in relieving our concerns. An alcoholic may be referred to treatment, 20 C.F.R. § 416.1720 (1982), and payments may be withheld if the claimant does not cooperate, *id.* § 416.-1725 (1982). The considerations to be used in determining whether treatment is required are set out at sections 416.935–939.

Moreover, SSI payments for the benefit of an alcoholic may be made to a representative payee, including an institution caring for the claimant. *Id.* § 416.601(a)(2) (1982). Enforcing these regulations should result in the benefits being applied to their intended use—support for the individual, rather than for his destructive habit.

Regulations covering disability benefits for workers also provide for payment to a representative payee, 20 C.F.R. § 409.2001 (1982), and require recipients to accept vocational rehabilitation services, *see id.* § 404.422 (1982). We believe that the Secretary's practices with respect to disability payments to alcoholics should be similar to those followed for SSI benefits. *See Adams v. Weinberger,* 548 F.2d at 245–46.

Because plaintiff did not receive the full and fair hearing to which he is entitled, this case will be remanded to the district court with instructions to remand it to the Secretary of Health and Human Services for further proceedings consistent with this opinion.