John NANGLE

v.

Margaret HECKLER, Secretary of Health and Human Services.

Civ. A. No. 83–5166.

United States District Court, E.D. Pennsylvania.

Dec. 5, 1984.

Mark Kaufman, Delaware County Legal Assistance, Media, Pa., for plaintiff.

Edward S.G. Dennis, Jr., U.S. Atty., Serena H. Dobson, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

The claimant, John Nangle, has appealed from a determination of the Administrative Law Judge (ALJ) denying his application

for Supplemental Security Income disability benefits. The parties filed cross-motions for summary judgment. United States Magistrate Peter B. Scuderi has issued a report with a recommendation that the parties' motions for summary judgment be denied and the matter remanded in order to allow the ALJ to apply the proper legal standard in determining whether the claimant's alcoholism is disabling. The claimant has filed a partial objection to the Magistrate's Report and Recommendation. The claimant agrees with the substance of the Magistrate's report, but urges that the record in this case compels an outright reversal of the ALJ's decision because (1) substantial evidence indicates that the claimant is disabled, and (2) further proceedings before the ALJ would result only in further delay of the receipt of benefits. The Secretary has filed no objections to the Magistrate's Report and Recommendation, nor has she filed any response to the claimant's partial objection. The Magistrate's report was issued prior to the Third Circuit's decision in *Podedworny v. Harris*, 745 F.2d 210 at 221–23 (3d Cir.1984), which provides some guidance as to when a district court should exercise its discretion to remand a social security case for a rehearing or reverse the Secretary's decision and direct that benefits be awarded. For the reasons which follow this Court has determined that the decision of the Secretary will be reversed because another hearing before the ALJ could not produce any substantial evidence to support a finding that the claimant is not disabled.

The essential facts of this case are ably set forth in Magistrate Scuderi's report. The claimant is a fifty-two year old man with a work history of mostly janitorial-type positions of short duration. The claimant submitted essentially uncontradicted medical evidence to support his claims of chronic alcoholism with many acute alcoholic episodes requiring hospitalization; alcohol-related grand mal epileptic seizures; alcohol-related depressive psychoneurosis; chronic duodenal ulcer requiring surgery in the past; chronic gastritis and enterocolitis; and degenerative disc disease of the lumbro-sacral spine with sciatic nerve involvement. In addition, there is evidence of impaired vision of the right eye, cirrhosis of the liver, and kidney cysts. At the time of the hearing before the ALJ (October 1, 1982) the claimant also was being treated for a broken jaw sustained in a mugging. The ALJ found that none of the claimant's impairments had lasted or could be expected to last twelve continuous months; that none of the claimant's impairments was severe; and that the claimant was not prevented from engaging in basic work activities. The ALJ rejected all of the claimant's testimony regarding his inability to work as not credible, citing, *inter alia*, claimant's "neat and clean" appearance, "inconsistencies" in the claimant's testimony, and the ALJ's disbelief of claimant's remark that on occasion bartenders would provide him free drinks when he had no money. The ALJ characterized the claimant's alcoholism as "episodic", and stated that there was no evidence of significant end-organ damage.

■ As Magistrate Scuderi reported, the ALJ's characterization of the claimant's alcoholism as "episodic", "not severe", and "not continuous for twelve months" is simply incredible:

A review of the record reveals that the [claimant] began drinking at the age of seventeen while in the army. He was given a dishonorable discharge from the military due to his repeated intoxications. By the age of twenty-nine he was unable to control his drinking. The administrative record contains extensive documentation regarding [the claimant's] continued [unsuccessful] attempts at treating his alcoholism. There have been innumerable [hospitalizations], detoxifications, and rehabilitations. Every doctor who has examined [the claimant] has denominated his thirty-one year drinking problem as "chronic" ..."

Magistrate's Report at 7–8 (citations to Record omitted). The Magistrate correctly determined that the ALJ erred in considering the evidence of claimant's alcoholism. First, the ALJ failed to evaluate claimant's

alcoholism in conjunction with his other impairments. *McShea v. Schweiker,* 700 F.2d 117, 118 (3d Cir.1983). Second, the ALJ impliedly based his finding that the claimant's alcoholism was "not severe" on a finding of no "end-organ" damage. This finding not only is factually inaccurate, given the evidence of liver damage and chronic ulcer history, but the Third Circuit has stated that "[n]othing in the Social Security Act permits rejection of a disability claim simply because the claimant has not experienced significant end organ damage." *McShea,* 700 F.2d at 119, quoting *Hicks v. Califano,* 600 F.2d 1048, 1051 (4th Cir. 1979). *See Andrews v. Heckler,* 573 F.Supp. 1089, 1092 (E.D.Pa.1983). Third, the ALJ failed to apply the test for determining whether an alcoholic is disabled, which is "whether the claimant is addicted to alcohol and, as a consequence, has lost the ability to control its use." *McShea,* 700 F.2d at 119, quoting *Hicks v. Califano,* 600 F.2d at 1051.

The Magistrate also correctly pointed out that there was nothing inconsistent in the claimant's testimony, and that the ALJ's credibility findings were unsupported by the evidence. Finally, the ALJ also erred in compartmentalizing his analysis of the claimant's various other impairments, rather than evaluating "the claimant's overall condition" and reviewing the claimant's numerous impairments in *combination. Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir.1983); *see* 20 C.F.R. § 404.1526(a).

█ The issue raised by the claimant's objection to the Magistrate's report is whether, on this record, any purpose would be served by remanding the matter to the ALJ for a rehearing. In *Podedworny v. Harris,* 745 F.2d at 221, the Third Circuit stated that a district court, after reviewing the decision of the Secretary, may in its discretion "affirm, modify, or reverse the Secretary's decision with or without a remand to the Secretary for a rehearing." The Court advised that the decision to direct the Secretary to award benefits should be made "when the administrative record of the case has been fully developed and when

substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits. When faced with such cases, it is unreasonable for a court to give the ALJ another opportunity to consider new evidence ... because the administrative proceeding would result only in further delay in the receipt of benefits." *Podedworny,* 745 F.2d at 221 (citations omitted). The Court also noted that "[i]t is apparent that direct reversal of the Secretary is no longer an uncommon judicial remedy." *Id.* at 222 n. 11.

In the present case this Court has concluded that it would be inappropriate to remand for a rehearing because substantial evidence on the record compels a finding of disability. The uncontradicted medical evidence of the claimant's impairments, considered in conjunction with his chronic alcoholism, clearly shows that the claimant is disabled. A review of the thirty-one year history of this claimant's alcoholism can lead to only one conclusion: that the claimant has "lost the ability to voluntarily control his drinking, thereby preventing his substantial gainful employment." *Andrews v. Heckler,* 573 F.Supp. at 1093. The only evidence on the record which could provide any support for a contrary finding is the claimant's statement at the hearing that he hadn't had a drink in several months (R. 54). The ALJ did not refer to this statement in his findings, and it is assumed that (like all the rest of claimant's testimony) the ALJ didn't believe it. The Third Circuit has cautioned that a claimant's insistence that he has curtailed the use of intoxicants is "a common accompaniment of the disease", and often "represents the rationalization of a sick individual who does not realize the extent of his illness." *McShea,* 700 F.2d at 119, *quoting Adams v. Weinberger,* 548 F.2d 239, 245 (8th Cir. 1977). In this case the records of the claimant's numerous detoxifications and hospitalizations are replete with the claimant's reported claims of sobriety or cure, all of which unfortunately and invariably have proven to be false.

For the reasons set forth above, this Court has determined that substantial evidence on the record indicates that the claimant is disabled and entitled to benefits. Accordingly this Court will reverse the decision of the ALJ and remand for a calculation of benefits beginning March 1, 1980. In order to provide some guidance to the Secretary for the distribution of claimant's benefits, the Court notes that the regulations specifically provide for the treatment of alcoholics and for the withholding of benefits if treatment is refused. *See* 20 C.F.R. §§ 416.1720, 416.1725. The regulations also provide that if a beneficiary is not able to manage his benefits in his own best interest, payments may be made to a representative payee on his behalf. *See* 20 C.F.R. §§ 416.601–621; *McShea*, 700 F.2d at 119–20. The Secretary should consider these regulations in determining the most appropriate distribution of the claimant's benefits.

### ORDER

AND NOW, this 5th day of December, 1984, upon consideration of the Report and Recommendation of United States Magistrate Peter B. Scuderi, objections having been filed by the claimant and this Court having made a *de novo* determination of those portions of the report to which objection was made pursuant to Local Rule 7(IV)(b), for the reasons set forth in this Court's Memorandum of December 5th, 1984,

IT IS HEREBY ORDERED:

1. The Report and Recommendation of the Magistrate is APPROVED and ADOPTED as modified by this Court's Memorandum of December 5th, 1984.

2. The motion of the defendant Secretary of Health and Human Services for summary judgment is DENIED.

3. The motion of the plaintiff, John Nangle, for summary judgment is GRANTED.

4. The decision of the Secretary of Health and Human Services is REVERSED, and judgment is ENTERED in favor of the plaintiff, John Nangle, and against the defendant Secretary of Health and Human Services.

5. This matter is REMANDED to the Secretary for a calculation of benefits beginning March 1, 1980.