Hazel **KOSZEWSKI**, on Behalf of William **KOSZEWSKI**, Jr., deceased

v.

Otis R. **BOWEN**, M.D. Secretary of Health and Human Services.

Civ. A. No. 88–94 ERIE.

United States District Court, W.D. Pennsylvania.

Nov. 17, 1988.

W. Gustave McGeorge, Erie, Pa., for plaintiff.

Albert W. Schollaert, Asst. U.S. Atty., Pittsburgh, Pa., for defendant.

OPINION

GERALD J. WEBER, District Judge.

Plaintiff's husband died on October 17, 1985. Soon after his death, plaintiff filed an application for Social Security disability benefits on his behalf, alleging that decedent was disabled from 1979 until his death. The Secretary denied the application at all stages and plaintiff appeals. The parties have filed the administrative record and cross motions for summary judgment with briefs.

Decedent died at age 52. He had a long history of alcohol abuse and high blood pressure, and shortly before his death he was diagnosed as suffering from chronic obstructive pulmonary disease. Plaintiff had worked as a mold maker for headstones and gravemarkers, and as a grape trimmer on a farm. He last worked regu-

larly in May 1979 and his insured status under the Social Security Act expired September 30, 1983. Therefore plaintiff must establish not only that plaintiff was disabled, but that the disability began on or before September 30, 1983.

On this appeal plaintiff focuses on decedent's alcoholism. But first we quickly address decedent's other problems. Decedent's high blood pressure was apparently controlled by medication and there is no evidence of any heart disease prior to his death. Although there are notations of rales and rhonchi in decedent's lungs as early as 1976, there is no evidence, medical or otherwise, that this condition was debilitating prior to September 30, 1983.

Decedent's alcoholism is a more difficult topic in terms of disability. Decedent was hospitalized in December 1975 for alcohol abuse, and there is reference in these records to a 1974 admission for the same problem, although there are no medical records from that earlier admission in the administrative records. Decedent underwent therapy and medication and agreed to stay sober upon discharge. Seven months later, in July 1976, he was again hospitalized for alcohol abuse and was afforded similar treatment. Two years passed until a similar hospital stay in July 1978. In October 1978, plaintiff was hospitalized with second and third degree burns of his arms, hands, neck, face and back, suffered when he tried to put out a house fire while he was highly intoxicated. Additional hospitalizations for alcohol abuse occurred in August 1979, February 1981, February 1985 and September 1985.

■■■ Alcoholism may be severe enough to constitute a compensable disability, if it prevents claimant from engaging in substantial gainful employment. E.g., *McShea v. Schweiker,* 700 F.2d 117 (3d Cir.1983); *Ferguson v. Schweiker,* 641 F.2d 243 (5th Cir.1981). Where there is evidence of alcohol abuse the relevant inquiry is whether the claimant is addicted to alcohol and as a consequence has lost the ability to control its use. *McShea,* 700 F.2d at 119, quoting *Hicks v. Califano,* 600 F.2d 1048, 1051 (4th Cir.1979).

■■ A review of the medical records leaves little doubt that decedent was unable to control his addiction. Although the ALJ concluded that decedent "did well under detoxification and therapy," the truth is that all rehabilitation efforts failed resoundingly. By the time of his February 1981 admission decedent was refusing therapy and medication, and his physician concluded that decedent was likely to return quickly to alcohol abuse. The ALJ concluded that decedent's alcoholism did not affect his ability to perform daily activities, to relate with others or to concentrate, but the ALJ ignored the fact that decedent was fired from 2 jobs due to his drinking. The ALJ also ignored Mrs. Koszewski's written descriptions of decedent's violent and disruptive behavior at home and his withdrawal from friends, hobbies and social situations. Perhaps the best concise description of decedent's problems comes from the medical history of the February 1985 hospital admission:

> The patient has a long history of alcoholism. This has included DWI arrests. He has been drunk and had fights with policemen. He has frequent black-outs. He has been through this program about 3 times, once he has been through the Serenity Program. He has never had prolonged episodes of sobriety. He has lost multiple jobs including one for 25 years which he flushed down the drain because he kept drinking. He has beaten his wife and had many home problems because of his drinking. He has been on another binge, drinking up to a case of beer and fifth of vodka per day. He usually just drinks around the house. Finally, his son brought him back in for further detoxification. Patient's first question is, "When do I get out of here?", showing poor motivation, even at this early stage.

This recitation is consistent with the prior medical records and the written submissions of decedent's wife.

Clearly decedent's alcohol dependency was beyond plaintiff's control, as evidenced by 9 hospital admissions in 11 years and repeated failures in rehabilitation pro-

grams. There is also considerable unrebutted evidence of a significant impairment of decedent's ability to function in work and social settings, as described above.[1] The ALJ failed to discount the evidence on these points and his decision is not supported by substantial evidence. As an example, his blithe conclusion that decedent did well in therapy ignores every scrap of medical history in this case. The decision of the Secretary will be reversed and benefits awarded.

---

1. A stronger record should have been made through the oral testimony of decedent's wife and other family members but the ALJ failed to explore the topic at the hearing, cutting the proceeding short, and plaintiff's counsel failed to pursue it. Despite this omission in the record, we believe sufficient evidence is present and remand is unnecessary.