69 F.3d 547
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert T. FRITZ, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,[1] Defendant-Appellee.
 No. 95-7054.
 United States Court of Appeals, Tenth Circuit.
 Nov. 8, 1995.
 
 ORDER AND JUDGMENT[2]
 Before TACHA and BARRETT, Circuit Judges, and BROWN,*** Senior District Judge.
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals from a district court order affirming the decision of the Secretary to deny social security benefits. The Secretary concluded plaintiff could return to his past relevant work as a barber and, therefore, must be deemed not disabled at step four of the controlling sequential analysis. See generally Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988)(explaining five-step analysis set out in 20 C.F.R. 404.1520, 416.920). We closely examine the record as a whole to determine whether the Secretary's decision is supported by substantial evidence and adheres to applicable legal standards. Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir.1994). The scope of our review, however, is delimited by the issues properly preserved and presented by the claimant. See Murrell v. Shalala, 43 F.3d 1388, 1389-90 & n. 2 (10th Cir.1994); Crow v. Shalala, 40 F.3d 323, 324 (10th Cir.1994). Guided by these principles, we affirm the Secretary's decision for the reasons that follow.
 
 
 3
 In the administrative proceedings, plaintiff claimed disability based primarily on a seizure disorder (evidenced by two trauma-induced seizures, approximately one year apart) and blindness in his left eye (present during his entire thirty-year work history), though he added various musculoskeletal complaints as the proceedings wore on. See, e.g., R. Vol. II at 65, 96, 97 (April 1992 application and attendant vocational and disability reports); id. at 75, 111 (September 1992 request for reconsideration and attendant disability report). At the hearing before the administrative law judge (ALJ), plaintiff recited basically the same array of problems. See id. at 41-49, 54. On this appeal, however, plaintiff raises but two issues, regarding the ALJ's disregard of his chronic alcohol abuse and the side effects of his medication, neither of which directly involves the primary complaints asserted in the administrative proceedings. We therefore accept the ALJ's medical and related vocational findings with respect to the latter. See Murrell, 43 F.3d at 1389-90 & n. 2. Consequently, unless undermined by the limited objections now exclusively relied upon, the ALJ's conclusion that plaintiff's impairments do not preclude a return to his past work as a barber must stand.
 
 
 4
 Although not specifically asserted as an impairment on plaintiff's disability reports, alcohol abuse is mentioned both as the subject of prior treatment and as the object (along with smoking) of subsequent doctor's orders "about cutting back or limiting [plaintiff's] activities." R. Vol. II at 98, 100, 111, 112. Plaintiff was hospitalized briefly in February 1992 for alcohol abuse, which he reported as episodic drinking brought on by his divorce in November 1991. Id. at 128, 134. He was detoxed without evidence of alcohol withdrawal symptoms. Id. at 135. Since that time, plaintiff has not been hospitalized for alcohol abuse, and subsequent reports indicate substantial control over his drinking in light of its adverse interactive effects with his seizure medication. Id. 111, 117. Finally, plaintiff did not suggest any problems in this regard at the hearing before the ALJ.
 
 
 5
 Nevertheless, plaintiff maintains that the ALJ failed to conduct an adequate inquiry into his chronic alcohol abuse. See Henrie v. United States Dep't of Health & Human Servs., 13 F.3d 359, 360-61 (10th Cir.1993)(acknowledging ALJ's basic obligation to ensure development of adequate record consistent with issues raised). We disagree. The ALJ considered the above facts, cited the absence of end organ damage, and discussed the evidence showing no adverse effects on plaintiff's physical, cognitive, or psychological capacities, before concluding there was no "substance abuse problem which would significantly interfere with the performance of basic work activity." R. Vol. II at 15. In our judgment, this was sufficient. See generally Coleman v. Chater, 58 F.3d 577, 579 (10th Cir.1995). Contrary to the authorities relied on by plaintiff, we cannot say that "[t]he medical records in this case reek of chronic and severe alcoholism" which "raises an issue as to the plaintiff's mental and psychological capacity to engage in substantial gainful activity," McShea v. Schweiker, 700 F.2d 117, 118, 119 (3d Cir.1983), or that "overwhelming documentary evidence shows that [plaintiff] has never been successful in controlling [his alcoholism]" which has a "profound effect ... on his ability to manage his [active] seizure disorder," Gomez v. Sullivan, 761 F.Supp. 746, 752 (D.Colo.1991).
 
 
 6
 Plaintiff's objection that the ALJ inadequately considered the side effects of his seizure medication has even less substance. While plaintiff testified that his medication "makes [him] drowsy," R. Vol. II at 50, the ALJ correctly noted that "the medical record fails to reflect that he has ever complained of any significant medication side effects," id. at 16. We will not second-guess the ALJ's decision to discount plaintiff's belated, perfunctory, and unsubstantiated complaint. See generally Williams, 844 F.2d at 755. The ALJ properly found that "[t]he evidence does not demonstrate that [plaintiff] has had any significant side effects from his medication." R. Vol. II at 16.[3]
 
 
 7
 As noted at the outset, plaintiff has not challenged the ALJ's determination that his primary impairments do not preclude a return to his past relevant work. Since we hold that the ALJ properly deemed the additional, nonexertional problems contested on this appeal vocationally inconsequential, there is no basis for disturbing the Secretary's denial of benefits.
 
 
 8
 The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 ***
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [3]
 In light of the above quotations from the ALJ's decision, we are somewhat concerned by counsel's sweeping objection that the ALJ "totally failed to address this issue in his opinion," Appellant's Brief at 13 (citing only to ALJ's introductory summary of plaintiff's various complaints). Such definitive accusations of administrative nonfeasance carry correspondingly rigorous obligations of fidelity to the administrative record
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision