**Edwin R. Cordova TORRES**

v.

**Shirley S. CHATER, Commissioner, Social Security Administration.**

**Civil Action No. 95–2199.**

United States District Court, E.D. Pennsylvania.

Aug. 7, 1996.

max Manufacturing is liable under the continuity of enterprise theory, we needn't address these theories of liability.

662

Jeffrey L. Greenwald, Allentown, PA, for Plaintiff.

Charlotte J. Hardnett, U.S. Dept. of Health and Human Services, Office of Gen. Counsel, Region III, Philadelphia, PA, for Defendant.

## MEMORANDUM

PADOVA, District Judge.

Plaintiff, Edwin R. Cordova Torres, and Defendant, Shirley S. Chater, the Commissioner of the Social Security Administration ("Commissioner" or "Secretary")[1] submit cross motions pursuant to Fed.R.Civ.P. 60(b)(6) for the Court's consideration. Both parties seek to vacate this Court's Order adopting a Report and Recommendation from Magistrate Judge Arnold C. Rappaport denying cross motions for summary judgment and recommending that Torres' case be remanded to the Administrative Law Judge ("ALJ") for a specific finding regarding the effects of alcoholism on a determination of

1. On March 31, 1995, the Social Security Administration became an independent agency. Pursuant to both Fed.R.Civ.P. 25(d)(1) and § 106(d)(2) of the Social Security Independence and Program Improvement Act, Pub.L. No. 103–296, 108 Stat. 1464, 1477 (West 1994), Shirley S. Chater, Commissioner of Social Security, has been substituted for Donna E. Shalala, Secretary of Health and Human Services. This Memorandum uses "Secretary" and "Commissioner" interchangeably.

disability. For the following reasons, the Court will deny both Motions to Vacate.

## I. *FACTS & PROCEDURAL HISTORY*

On June 10, 1991, Torres filed an initial application for supplemental social security income, alleging disability since February 1991 due to "alcoholism, nerves, a gland condition, and syphilis." R. at 21. The initial application had a protected filing date of April 29, 1991. On July 22, 1991, the application was denied without appeal. On September 1, 1992, Torres filed a second application, alleging disability since September 1, 1991 due to stomach and lung cancer and drug and alcohol addiction.[2] Torres also submitted "new and material evidence pertaining to his impairments in 1991," permitting a reopening of the determination of his initial application. R. at 21.

On June 3, 1994, the ALJ made following determinations following an October 13, 1993 hearing:

1. The claimant age 32 has not engaged in substantial gainful activity since December 1992.

2. The medical evidence establishes that the claimant has "severe" or work restrictive mental impairments, including alcohol dependence, an impulsive personality disorder, and obesity, but he does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 16.

3. The claimant's hearing testimony regarding the nature and severity of his impairments and the extent of his functional limitations was not credible, persuasive, or probative. Moreover, the claimant's testimony, if accepted as fully credible, did not indicate that he had significant physical, cognitive, or emotional restrictions which would prevent him from performing unskilled manual labor.

4. The claimant has the residual functional capacity to perform the physical exertion and nonexertional requirements of work except for work which involves complex or detailed tasks or instructions, or close interpersonal contacts (20 C.F.R. 416.945).

5. The claimant is able to perform his past relevant work as a produce picker, fiberglass machine feeder, or meat packer.

6. The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of this decision (20 C.F.R. 416.920(e)).

R. at 28.

On appeal to the Appeals Council, Torres submitted additional evidence which established "continued treatment and testing for multiple symptoms relating to long term problems with recurrent alcohol abuse, obesity, ulcer disease and mental impairments, as well as newly diagnosed impairments of sleep apnea, chronic low back pain, and possible renal abnormalities." R. at 9. The Appeals Council denied Torres' appeal, concluding, that "the overall picture presented . . . is one of a residual functional capacity to perform simple, unskilled work at medium and light exertional levels, including but not necessarily restricted to jobs such as those which you have performed in the past." *Id.*

On May 23, 1995, acting in accordance with his rights under 42 U.S.C.A. § 1383(c)(3) (West Supp.1996), Torres commenced a civil action in this Court requesting judicial review of the ALJ's decision. The Complaint frames the deficiencies of the ALJ's decision as follows:

1. The ALJ erred in failing to order a further consultative psychological evaluation where he concluded that the Plaintiff's IQ testing, setting for an IQ which, with consideration of Plaintiff's other impairments would have otherwise required a finding of disability, was invalid because it was administered through an interpreter;

2. The ALJ erred in failing to adequately consider the opinions of the Plaintiff's treating physicians; and

3. The ALJ failed to properly evaluate Plaintiff's subjective complaints of pain as

---

**2.** The ALJ's decision stated that Torres' alleged disability in his second application since September 1, 1991. Torres' second application, however-er, lists a disability dating from February 2, 1990. *Compare* R. at 21 *with* R. at 95.

required under Social Security ruling 88–13 and his Decision fails to "contain a thorough discussion and analysis of Plaintiff's subjective complaints and, or, is not based upon substantial evidence."

Pl.'s Compl. ¶ 6.

On October 16, 1995, Torres moved for summary judgment, arguing that (1) the ALJ failed to both adequately consider evidence of Torres' alcoholism and analyze that impairment under the appropriate guidelines; (2) the ALJ erred in rejecting the validity of an intelligence quota test performed by Torres' consulting psychologist without requesting a subsequent evaluation designed to compensate for the inadequacies of the consulting physician's method; and (3) new evidence exists warranting remand. The Commissioner responded with a cross motion for summary judgment, maintaining that the record contains substantial evidence to support a finding that Torres is not disabled and enjoys the residual functional capacity to perform past relevant work.

By Order dated December 12, 1995, this Court transferred the case to Magistrate Judge Rappaport. In his Report and Recommendation, Magistrate Judge Rappaport denied both parties' motions for summary judgment. Magistrate Judge Rappaport advised that Torres' case be remanded back to the ALJ for more specific findings with regard to Torres' addiction to alcohol, his inability to control its use, and the effects of Torres' condition on the ability to secure gainful employment. Magistrate Judge Rappaport noted:

In his opinion, the ALJ found that the medical evidence showed the plaintiff continuously used alcohol on a frequent basis and had become alcohol dependent prior to April 1991. (R. at 24). The ALJ did not, however, make a specific finding as to the plaintiff's ability to control his drinking. The testimony at the hearing as well as the medical evidence for 1991–1993 indicate that the plaintiff was consuming large quantities of beer and liquor on a daily basis, and was panhandling for money to support this activity. Nor was a vocational expert present at the hearing to render an opinion as to the employability of an individual who consumes a case of beer per day.

The plaintiff's case is not without problems; however. There is evidence that the plaintiff's credibility may be at issue.... The evidence is unclear as to whether the plaintiff has ever really tried to control his alcohol problem or whether he is unable to do so.

*Torres v. Chater,* No. 95–2199, slip op., at 16–17 (E.D.Pa. March 5, 1996). By Order dated March 20, 1996, this Court approved and adopted the Report.

## II. STANDARD OF REVIEW

■ Federal Rule of Civil Procedure 60(b)(6) provides:

**Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons.... (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b)(6). "Rule 60(b)(6) permits a district court to vacate a judgment whenever such action is appropriate to accomplish justice.... [and] a district court should do so only in extraordinary circumstances." *Wilson v. Fenton,* 684 F.2d 249, 251 (3d Cir.1982). *See also Sawka v. Healtheast, Inc.,* 989 F.2d 138, 140 (3d Cir.1993) (remarking "[r]elief under Rule 60(b)(6) may only be granted under extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur") (citation omitted); *Delaware Valley Citizens Council v. Pennsylvania,* 755 F.2d 38, 45 (3d Cir.) (noting "Rule 60(b)(6) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances") (citations omitted), *cert. denied,* 474 U.S. 819, 106 S.Ct. 67, 88 L.Ed.2d 54 (1985).

■ "The disposition of motions under Fed.R.Civ.P. 60(b) is committed to the discretion of the district court." *Martinez–McBean v. Gov't of the Virgin Islands,* 562 F.2d 908, 911 n. 2 (3d Cir.1977) (citation omitted). While "Rule 60(b)(6) is a grand-

reservoir of equitable power to do justice in a particular case[,] [a]t the same time ... that rule does not confer upon the district courts a standardless residual discretionary power to set aside judgments." *Id.* at 911 (citations omitted). The movant bears the burden of showing entitlement to Rule 60(b)(6) relief. *See Wilson,* 684 F.2d at 251 (remarking "the movant must allege and prove such extraordinary circumstances as will be sufficient to overcome our overriding interest in the finality of judgments") (citation omitted).[3]

## III. DISCUSSION

### A. COMMISSIONER'S MOTION

█ The Commissioner argues that recent legislative changes in the Social Security Act obviate the need for the ALJ to make specific findings regarding Torres' alcohol dependency, ability to control his drinking, and employment. Specifically, the Contract With America Advancement Act of 1996 amends Titles II and XVI of the Social Security Act by including the following language, "[a]n individual shall *not* be considered disabled for purposes of this title if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." P.L. 104–121 § 105(a)(1) (dated March 29, 1996) ("Act"). According to the Commissioner, even if the ALJ finds that Torres cannot control his drinking to the point where he cannot sustain employment, the Act precludes a finding that Torres' alcoholism renders him "disabled."

The Court rejects the Commissioner's contention, however, because this new statutory provision does not apply in the instant case.

3. In *Lasky v. Continental Prods. Corp.,* 804 F.2d 250 (3d Cir.1986), the United States Court of Appeals for the Third Circuit suggested the following factors to guide the district court in exercising its discretion:

█ the general desirability that a final judgment should not be lightly disturbed; [2] the procedure provided by Rule 60(b) is not a substitute for appeal; [3] the Rule should be liberally construed for the purpose of doing substantial justice; [4] whether, although the motion is made within the maximum time, if any, provided by the Rule, the motion is made

The Act contains the following language regarding its effective dates:

> The amendments ... shall apply to any individual who applies for, or whose claim is finally adjudicated by the Commissioner of Social Security with respect to, benefits under Title II of the Social Security Act based on disability on or after the date of the enactment of this Act, and, in the case of any individual who has applied for, and whose claim has been finally adjudicated by the Commissioner with respect to, such benefits before such date of enactment, such amendments shall apply only with respect to such benefits for months beginning on or after January 1, 1997.

*Id.* Torres' case does not fall within the first clause addressing individuals who apply for benefits based on disability on or after the date of enactment of the Act. Torres filed his initial application for supplemental social security income on June 10, 1991 (with a protected filing date of April 29, 1991), alleging disability since February 1991. On September 1, 1992, Torres brought a second application which asserted disability since February 2, 1990. At no time did Torres allege disability on or after March 29, 1996.

Similarly, Torres' case does not fall within the second clause which applies only to benefits to which the claimant became entitled before the passage of the Act and which the claimant would receive after January 1, 1997. Torres neither seeks, nor has the Commissioner awarded, disability benefits for that time frame.[4]

█ In the absence of the new statutory scheme, the Court must rely on the standards articulated by the Third Circuit applicable to assessing the role of alcoholism in a finding of disability. Specifically,

> within a reasonable time; [5] whether there are any intervening equities which make it inequitable to grant relief; [6] any other factor that is relevant to the justice of the order under attack.
>
> *Id.* at 256.

4. The ALJ determined that the disability period at issue in Torres' case lasted from April 1, 1991 through June 3, 1994. *See* R. at 22 (stating "the period for consideration of the potential 'disability' extends from April 1, 1991, through the date of this decision").

[n]ot all persons whose abuse of alcohol has progressed to the point that they are unable to control their drinking are incapable of any gainful employment. Were we to accept the argument that the disability inquiry should end upon the mere diagnosis of alcoholism, persons afflicted with this addictive disorder would be relieved of showing that their affliction was severe enough to preclude substantial work. An award of disability benefits without such a showing would contradict benefits under the Social Security Act only to those who are unable to perform substantial gainful activity.

*Jones v. Sullivan,* 954 F.2d 125, 128 (3d Cir.1991) (determining "substantial evidence supported the ALJ's determination that alcohol consumption did not preclude Jones from performing substantial gainful activity" in the absence of proof that Jones abused alcohol to the point where the abuse interfered with his ability to hold a job) (citation omitted). *See also Purter v. Heckler,* 771 F.2d 682, 699 (3d Cir.1985) (requiring Secretary to determine whether claimant has "lost the ability to control his addiction to alcohol … [and] how the evidence of alcoholism and its effect on his other impairments relates to his functional abilities.... [A simple finding] that claimant's impairments, when considered in combination, are not disabling without articulating the basis for his decision [is insufficient]"); *McShea v. Schweiker,* 700 F.2d 117, 119 (1983) (directing the Secretary to examine "whether the claimant is addicted to alcohol and, as a consequence, has lost the ability to control its use") (citation omitted).

In assessing Torres' alcohol dependency, the ALJ concluded:

The medical evidence indicates that the claimant has continuously used alcohol on a frequent basis and has been alcohol dependent since prior to April 1991. After a psychological consultative examination in November, 1992, Edward Dublin, M.A. was of the opinion that the claimant's chronic alcoholism imposed significant limitations on daily activities, social functioning, concentration, pace, and task persistence, and adaption to stress. However, Mr. Dubin noted that the claimant was still capable of household cleaning, shopping, cooking, paying bills, using public transportation, carrying out instructions on a limited basis, performing activities within a schedule under clear supervision, and attending to a task from beginning to end without help. The claimant has submitted written statements and oral testimony that he worked intermittently despite his alcohol abuse until the Christmas of 1992. In a report of March 1993 (referring to psychiatric evaluation in March 1991), psychiatrist Humberto Gonzalez, M.D., noted that the claimant was impulsive, had a problem relating to others, had a low level of frustration tolerance, and still used alcohol on a frequent basis (although he no longer used drugs), but demonstrated no signs of irrationality, no history of perceptual disorder, no clear signs of an affective disturbance, no memory disturbance, and no signs of inattentiveness, and was able to add, subtract, and multiply using paper and pencil. Thus, the medical evidence indicates that even if the claimant is "alcohol dependent," and "impulsive," he has only mild to moderate functional restrictions resulting from the dependency, or from his impulsive control disorder.

R. at 24–25. The ALJ neglected to discuss, with sufficient detail, Torres' alcohol dependency and the effects of that addiction on his ability to sustain gainful employment as mandated by the aforementioned Third Circuit decisions. Magistrate Judge Rappaport therefore properly remanded the case back to the ALJ for more specific findings.

The Commissioner's arguments in support of her Motion to Vacate are pegged to the application of the Act. Because the Act does not apply to the facts presented in the instant case, the Commissioner's Motion fails.

### B. *TORRES' MOTION*

■ Torres maintains that his case presents a form of injustice appropriate for Rule 60(b)(6) remedy. In arguing extraordinary circumstances, Torres relies on this Court's determination that his claim was not properly evaluated in accordance with the appropriate standards in place during that period regarding alcoholism. Torres also contends

that, even in the absence of further development, the administrative record adequately supports a finding that he is eligible for benefits. The Court disagrees.

The administrative record in the instant case contains no evidence of any developments tantamount to extraordinary circumstances, and the Court need not act to accomplish justice so as to avoid an extreme and unexpected hardship. The Magistrate Judge has already treated Torres' case in disposing of his Motion for Summary Judgment on the merits, and this case presents no proof that extraordinary circumstances exist that warrant vacating his decision. Indeed, even if the Court considered the disposition of Torres' claim inequitable, Rule 60(b)(6) would not confer power to take action because that Rule does not provide limitless authority to set aside judgments. *See Moolenaar v. Gov't of the Virgin Islands,* 822 F.2d 1342, 1348 (3d Cir.1987) (stating that "a district court may not grant a new trial pursuant to Rule 60(b)(6) merely because it believes the prior judgment may have been inequitable"); *Lasky,* 804 F.2d at 256 n. 10 (listing, as relevant factors in assessing a Rule 60(b)(6) Motion, "if relief is sought from a ... judgment of dismissal where there has been no consideration of the merits ... [and] whether there is merit in the defense or claim").

An appropriate Order follows.

### ORDER

**AND NOW,** this 5th day of August, upon consideration of Defendant's Motion to Vacate (Doc. No. 18), and Plaintiff's Counter–Motion to Vacate (Doc. No. 22), **IT IS HEREBY ORDERED THAT:**

1. Defendant's Motion is **DENIED.**

2. Plaintiff's Motion is **DENIED.**