DLD-444                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3115
_____

DAVID LUSICK,
                              Appellant

v.

CITY OF PHILADELPHIA; JUDGE JACQUELINE ALLEN;
JOSEPH H. EVERS, Prothonotary; ELIZABETH JOBES, A.D.A.;
CHARLES PELLETREAU; DISTRICT ATTORNEY OF PHILADELPHIA;
JUDGE SANDRA MAZER MOSS; DAVID WASSONIII CHARLES;
NORMA MONTE, Motions Clerk; DAVID O'CONNOR; HEATHER KOVACK;
STEPHANIE VOGLER, Deputy Prothonotary; KOVAK; ZYGMONT PINES;
HUGH J. BURNS; ATTORNEY GENERAL OFFICE PA;
ATTORNEY GENERAL PENNSYLVANIA; JUDGE LEGROME DAVIS;
CLERK MICHAEL KUNZ; LYNN H. PELLETREAU, Civ. Mgr.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 12-cv-05150)
District Judges:  Honorable Matthew W. Brann
                  Honorable Martin T. Carlson
_____

Submitted for Possible Dismissal Due to Jurisdictional Defect, or
Pursuant to 28 U.S.C. § 1915(e)(2)(B), or for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 3, 2013

Before: AMBRO, SMITH and CHAGARES, Circuit Judges

(Opinion filed: October 9, 2013)

_____

OPINION

_____

PER CURIAM

David Lusick appeals from orders entered in his civil rights action filed in the United States District Court for the Eastern District of Pennsylvania. We will dismiss the appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

We must first address our jurisdiction to entertain this appeal. We have jurisdiction over appeals from all final decisions of the district courts. 28 U.S.C. § 1291. Lusick filed his notice of appeal after a Magistrate Judge recommended that the District Court dismiss his complaint without prejudice and after he denied Lusick's motion to clarify the case status and correct the caption. However, neither the Magistrate Judge's recommendation nor the order denying Lusick's motion is a final, appealable order under § 1291. See Siers v. Morrash, 700 F.2d 113, 115 (3d Cir. 1983).

Soon after Lusick filed his notice of appeal, the District Court entered a final order adopting the Magistrate Judge's report, rejecting the recommendation, and dismissing the complaint as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). But Lusick's appeal from the Magistrate Judge's recommendation and order did not ripen upon entry of the final order. Perez-Priego v. Alachua County Clerk of Court, 148 F.3d 1272, 1273 (11th Cir. 1998); Serine v. Peterson, 989 F.2d 371, 372-73 (9th Cir. 1993). Thus, in an order entered July 31, 2013, our Clerk noted that the District Court had

2

entered an order dismissing the action on June 21, 2013, and reminded Lusick that he would need to file a new notice of appeal in the District Court if he sought review of that District Court order.

Although the District Court docket does not reflect a second notice of appeal, the docket does reflect a "motion" dated August 3, 2013, which states, among other things, "On August 3, 2013 Plaintiff filed direct appeal and recusal of Judge Matthew W Brann and Magistrate Martin T Carlson." This statement reflects a clear intent to appeal the final order. Further, a few days earlier, Lusick filed in our Court a document titled "Proposed Order," captioned with the names of our Court and the District Court, and dated August 1, 2013, in which he asked for recusal of Judge Brann and Magistrate Judge Carlson and stated that he was appealing the June 21, 2013, order of the District Court, the earlier Magistrate Judge's order of June 12, 2013, and the District Court's order of July 25, 2013. While it does not appear to have been filed in the District Court, the "Proposed Order" could also be construed as a Notice of Appeal. We thus have jurisdiction to consider the merits of Lusick's appeal. Hindes v. FDIC, 137 F.3d 148, 156 (3d Cir. 1998) (document filed by litigant, regardless of its title, within the time for appeal under Fed. R. App. P. 4, is effective as notice of appeal provided that it gives sufficient notice of party's intent to appeal); Fed. R. App. P. 4(d).[1]

---

[1] Because Lusick filed, among other things, a timely motion for reconsideration of the District Court's June 21, 2013 order, the time to appeal from that order was tolled until the District Court denied the motion for reconsideration. Fed. R. App. P. 4(a)(4); United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003). Because Lusick's second appeal was

3

We turn first to Lusick's challenge to the authority of the Magistrate Judge in this action. Pursuant to 28 U.S.C. § 636(b)(1)(A) & (B), a magistrate judge may hear and determine pretrial matters, and also may make recommendations on the disposition of motions for injunctive relief. Contrary to Lusick's argument, a magistrate judge's authority under subsection (b) does not depend on the "consent of the parties." Cf. § 636(c)(1) (magistrate judge my conduct any or all proceedings in civil matter "[u]pon the consent of the parties"). The Magistrate Judge here acted properly within his statutory authority. See Order, dkt. #29.

We now consider the Magistrate Judge's Report, as adopted by the District Court. We agree with the District Court that Lusick's complaint is frivolous, for the many reasons given by the Magistrate Judge.[2] In particular, to the extent we can decipher

---

filed well within the time to appeal from the order denying reconsideration, we have jurisdiction to consider both District Court orders.

[2] We agree with the Magistrate Judge that: (1) the complaint violates Rule 8 of the Federal Rules of Civil Procedures; (2) Lusick is estopped from relitigating claims that were already dismissed for lack of merit; (3) Lusick is barred by Heck v. Humphrey, 512 U.S. 477 (1994), from raising certain claims arising from his criminal case; (4) the Rooker-Feldman doctrine bars his claims to the extent he seeks review of a completed state court adjudication; (5) his claims are barred by Younger v. Harris, 401 U.S. 37 (1971), to the extent his claims involve ongoing state proceedings of a judicial nature that implicate important state interests, and where those proceedings afford him an opportunity to litigate his federal claims; (6) the judges and judicial staff named as defendants are entitled to immunity; (7) the prosecutors named as defendants are entitled to immunity, see Imbler v. Pachtman, 424 U.S. 409, 427 (1976); (8) the victims of his crime cannot be sued in a civil rights action as they are not state actors, see Lazardis v. Wehmer, 591 F.3d 666, 672 (3d Cir. 2010); (9) his claims against agency supervisors fail to show personal involvement in the alleged wrongdoing, see Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); (10) the Eleventh Amendment bars his claims against the

4

Lusick's prolix complaint, it appears that the only factual allegations within the period of limitations[3] concern actions or inactions by state and federal judicial defendants and their staff members. As the Report indicated, those defendants are immune from suit. See Stump v. Sparkman, 435 U.S. 349, 356 (1978) (judges immune from suit unless they act in complete absence of jurisdiction); Gallas v. Sup. Ct. of Pa., 211 F.3d 760, 773 (3d Cir. 2000) (court personnel entitled to quasi-judicial immunity for alleged acts pursuant to judge's instructions). While a district court generally should give a plaintiff an opportunity to file an amended complaint to correct defects in his complaint, we agree with the District Court that amendment here would have been futile. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434-35 (3d Cir. 1997).[4] Thus, we do not find that the District Court erred in dismissing the complaint as frivolous, and we will

---

Commonwealth of Pennsylvania and the Pennsylvania Office of the Attorney General, see Benn v. First Judicial Dist. of Pa., 426 F.3d 233, 236 (3d Cir. 2005); and (11) his claims against the City of Philadelphia fail to show personal involvement of defendants and fail to indicate any policy or custom that caused a constitutional violation, see Monell v. Dep't Soc. Serv., 436 U.S. 658, 694 (1978).

[3] "The statute of limitations for a § 1983 claim arising in Pennsylvania is two years." Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009). We note that many of the earlier allegations in Lusick's complaint appear to be an attempt to relitigate claims from an earlier unsuccessful lawsuit. See Lusick v. Lawrence, 378 F. App'x 118 (3d Cir. 2010).

[4] Even if the Defendants were not immune from liability, Lusick's complaint, which seems to allege that nearly everything he filed in state court was "either destroyed, not filed and or not processed" borders on the fanciful. See Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

5

similarly dismiss the appeal as frivolous.[5]

      For the foregoing reasons, we will dismiss the appeal pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(i).[6]

---

[5] To the extent Lusick appeals from the District Court's July 25, 2013 order, we find no error in the District Court's denial of Lusick's many motions, as those that were not moot were frivolous.

[6] Lusick has continued in this Court his practice of filing numerous frivolous motions. All outstanding motions filed by both parties are hereby denied.