**Ernest G. CROSBY**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services.**

Civ. A. No. 83–2101–Z.

United States District Court, D. Massachusetts.

April 12, 1985.

Emily S. Starr, Ciota, Starr & Vander Linden, Worcester, Mass., for plaintiffs.

Marianne B. Bowler, Asst. U.S. Atty., Boston, Mass. for defendants.

## MEMORANDUM OF DECISION

ZOBEL, District Judge.

Plaintiff Ernest Crosby requests reversal of the final decision of the Secretary of Health and Human Services denying his application for disability insurance benefits or, in the alternative, remand to the Secretary.[1] He challenges this decision pursuant to 42 U.S.C. § 405(g), which provides for review in this Court of the final decision of the Secretary, subject to the limitation set forth in the statute, that "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive ...." 42 U.S.C. § 405(g).

Plaintiff filed his application for disability benefits on February 8, 1982, alleging a disability based on diabetes, seizures, high blood pressure and heart murmur, with an onset date of December 4, 1981. His application was denied initially and on reconsideration by the Social Security Administra-

tion. A hearing before an Administrative Law Judge ("ALJ") on February 15, 1983, resulted in a further denial. The Appeals Council affirmed the decision of the ALJ on May 18, 1983, rendering it the final decision of the Secretary.

Plaintiff, 52 years old, last worked in December of 1981 at which time he was employed as an assistant manager of the life insurance department of a bank. His job responsibilities there included supervision of office staff, paper work, calculations, accounting and sales. He has been treated for diabetes melitis since 1972 and for hypertension since 1976, is a chronic alcoholic, and was hospitalized in 1980 for depressive neurosis. In December of 1981 his diabetes became uncontrolled and he collapsed while walking home from work. Between December, 1981 and July, 1982, plaintiff was hospitalized four times for seizures, which were tentatively diagnosed as reactions to hypoglycemia or withdrawal from alcohol.

The ALJ, in his evaluation of the evidence in the record, noted four principal impairments: diabetes, seizures, alcoholism, and defects in motor/neurological function. He was then required to assess whether (1) one or a combination of these problems is a listed impairment in Appendix I, 20 C.F.R. § 404; (2) if not, whether plaintiff is able to perform his past work; and (3) if plaintiff is not able to do his past work, whether he can perform other work available in the national economy. 20 C.F.R. § 404.1520. The ALJ found and the Secretary affirmed that none of plaintiff's impairments is disabling and that he is still able to perform his past work. I conclude that this finding of no disability is supported by substantial evidence for three of plaintiff's medical conditions—diabetes, seizures, and alcoholism—but remand for further findings on the significance of plaintiff's motor/neurological dysfunction.

---

1. Under Title II of the Social Security Act:
   (1) The term 'disability' means—
   (A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment

which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ....
42 U.S.C. § 423(d)(1)(A)(1982).

■ First, the ALJ found that plaintiff has diabetes and that it is now controlled by daily administration of Insulin. The medical opinions in the record agree on this point. Thus, the finding of the ALJ that plaintiff's diabetes is not a listed impairment and that it would not prevent plaintiff from doing his past work is supported by the evidence.

Second, the ALJ found that plaintiff's seizures are controlled by medication, and the evidence in the record supports this conclusion. Between December, 1981 and July, 1982, plaintiff suffered four seizures or blackouts. The cause was never specifically diagnosed, but they were attributed to hypoglycemia, alcoholism, or withdrawal from alcohol.

■ Third, the ALJ found that plaintiff "has a diagnosis of alcoholism ... and he is being treated with reference to this impairment." The record shows that plaintiff has a 19-year history of alcohol abuse, although he has never alleged alcoholism as a cause of his disability. Plaintiff testified at the hearing before the ALJ that he has not been drinking since April of 1982, and that he attends Alcoholics Anonymous meetings three times a week. In view of the fact that plaintiff has not pressed alcoholism as an impairment, and his testimony that he is no longer drinking, I find the ALJ's conclusion on this matter to be supported by the evidence.[2]

Plaintiff's fourth medical condition may be generally described as involving his motor or neurological function. He alleges that: his hands and feet are numb; he cannot extend his right fourth and fifth fingers (plaintiff is right-handed); he has a constant tremor which interferes with use of his hands; and he has difficulty standing, walking, and bending. He testified that he cannot shave, write, or eat without difficulty and assistance.

These symptoms are fully confirmed by the medical evidence in the record. In January and March, 1982, Drs. Papas, Taub, Moore, and Matzilevich stated in their written reports that plaintiff had a marked tremor which interfered with signing his name; trouble with balance, standing, and gait; distal symmetric polyneuropathy; and inability to extend his right fourth and fifth fingers, with 30–40% weakness in those fingers. His tremor and difficulty with writing was corroborated by his wife, a Social Security staff employee, and Dr. Stellar, who noted in a March, 1982, test for organicity that plaintiff's performance on various tests requiring writing was hampered by his severe tremor, and that the tremor was a factor in his ability to function. All of this evidence suggests that plaintiff is not capable of performing past work, which requires writing, calculating and paperwork.

■ Despite this evidence, the ALJ concluded that plaintiff is capable of performing medium work, if he avoids heights and machinery. The ALJ stated that "the use of his arms and hands is classified as normal," and "motor examination shows normal in all four extremeties."[3] He did not explain why he rejected the considerable evidence indicating that plaintiff's motor and neurological dysfunction, particularly his tremor, would prevent him from working as a bank assistant manager. The ALJ cannot reject evidence for no reason, or for the wrong reason, and must explain the basis for his findings. *Cotter v. Harris,* 642 F.2d 700, 706–07 (3d Cir.1981). Failure to provide an adequate basis for the reviewing court to determine whether the administrative decision is based on sub-

2. The appropriate legal standard for determining when alcoholism entitles a claimant to disability benefits is whether he is "addicted to alcohol and as a consequence has lost voluntary ability to control its use," *Adams v. Weinberger,* 548 F.2d 239, 244 (8th Cir.1977), and therefore is unable to engage in substantial gainful employment, *Brennan v. Schweiker,* 542 F.Supp. 680, 683 (E.D.Pa.1982).

3. The ALJ does not specify the expert upon whom he relies for these findings; however, it appears that they are supported only by a report completed by Dr. Sumner in August, 1982. Dr. Sumner also stated by letter in November, 1982, that plaintiff is "totally disabled."

386

stantial evidence requires a remand to the ALJ for further explanation. *Id.* at 706.

On remand, the ALJ should follow the sequential analysis outlined at 20 C.F.R. § 404.1520. He should consider whether plaintiff's motor/neurological difficulty is a listed impairment under 20 C.F.R. § 404, Appendix I, § 111.06 ("motor dysfunction [due to any neurological disorder]"); if not, whether plaintiff is capable of performing his past work; and if not, whether he has the residual functional capacity to do other work, 20 C.F.R. § 404.1545–404.1569.

Judgment may be entered remanding the case to the Secretary for further proceedings in accordance with this opinion.