**Ngoc P. NGUYEN, Plaintiff,**

**v.**

**John J. CALLAHAN, Acting Commissioner of Social Security Administration, Defendant.**

**Civil Action No. 97–40026–NMG.**

United States District Court,
D. Massachusetts.

March 10, 1998.

Mark I. Zarrow, Zarrow, George, Lian & Abraham, Worcester, MA, for Plaintiff.

George B. Henderson, U.S. Attorney's Office, Boston, MA, for Defendant.

## MEMORANDUM AND ORDER

GORTON, District Judge.

Pending before this Court is an action to review a final decision of the defendant, the Acting Commissioner of the Social Security Administration (the "Commissioner"), denying the plaintiff, Ngoc P. Nguyen ("Nguyen"), Social Security disability benefits and supplemental security income ("SSI") under the Social Security Act (the "Act").[1] *See* 42 U.S.C. §§ 405(g), 1383(c). Nguyen filed a civil complaint asking this Court to find that he is legally entitled to the benefits. The Commissioner moved for an order affirming his decision.

**1.** President Clinton appointed John J. Callahan to serve as Acting Commissioner of Social Secu-

## I. *Procedural History*

Nguyen applied for SSI benefits on July 30, 1993, alleging an inability to work since May 1, 1983 due to chronic headaches, back pain, body aches and pains, upset stomach, blurred vision, dizziness and emotional problems.

The Commissioner denied Nguyen's application initially and on reconsideration. An Administrative Law Judge ("ALJ") considered the case *de novo* and found, on April 27, 1995, that Nguyen was not under a disability. The Appeals Council denied Nguyen's request for review on October 11, 1996, thereby rendering the ALJ's determination a final decision, subject to judicial review. *See Da Rosa v. Secretary of Health and Human Services,* 803 F.2d 24, 25 (1st Cir.1986).

Nguyen seeks review of the Commissioner's decision denying him SSI disability benefits. He urges, pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), that this Court find that the ALJ committed substantial error and remand the ALJ's decision for a new hearing. Nguyen complains that the ALJ ignored an important piece of medical evidence, namely, a medical report by a psychologist, and that the ALJ's decision was not supported by substantial evidence.

## II. *Background*

Ngoc Nguyen was born in 1933 in Vietnam. He completed formal education through the ninth grade in Vietnam and served in the South Vietnamese Army until 1975, when he was imprisoned in a concentration camp for eight years. He has not engaged in gainful employment since 1975. In March, 1993, he moved to the United States, first living in California and then in Massachusetts. Since that time, Nguyen has been treated by numerous doctors for various physical and psychological problems and has undergone three psychological evaluations which are relevant to this appeal.

On November 13, 1993, at the request of the Department of Social Services Disability Evaluation Division ("DSS"), Dr. Sohini Parikh, a psychiatrist, examined Nguyen and

rity, effective March 1, 1997, to succeed Shirley S. Chater.

diagnosed him with dysthymia (depressed mood) and post traumatic stress disorder associated with flashbacks of his Vietnam War experience. However, Dr. Parikh also found Nguyen to be alert and capable of attending to a tentative work schedule without supervision. She found Nguyen "competent to manage his own funds at this time."

On May 18, 1994, following a referral to determine Nguyen's eligibility for Emergency Aid to the Elderly, Disabled and Children ("E.A.E.D.C.") benefits, psychologist Dr. Young Kim interviewed Nguyen and performed a number of diagnostic tests. Dr. Kim diagnosed Nguyen with dysthymia, post traumatic stress disorder and somatization disorder (physical manifestations of mental experiences) and found that Nguyen was "functioning in the low average range of intelligence." He indicated that Nguyen's global assessment of functioning ("GAF") score was 49, which suggests serious symptoms or serious impairment in social, occupational or school functioning.

Noting Nguyen's social withdrawal, tendency to somatize depression and feelings of inadequacy and helplessness, Dr. Kim concluded that Nguyen's marked anxiety and depression would "certainly adversely affect his ability to function in an acceptable capacity in a regular work setting." In his recommendation section, Dr. Kim stated that "[t]he results of the testing indicate that Mr. Nguyen in not capable of handling his monetary funds at the present time."

On January 4, 1995, again at the request of DSS, psychologist Dr. Milton Taylor performed a consultative psychodiagnostic interview with Nguyen and diagnosed him with an adjustment disorder with mixed emotional features and possible post traumatic stress disorder. He noted Nguyen's reports of flashbacks regarding his concentration camp experience. Dr. Taylor found it "highly suspect" that Nguyen performed much worse in Dr. Taylor's examination than he had when examined by Dr. Parikh. He did not, however, indicate whether he was aware of Dr. Kim's examination. Dr. Taylor opined that

Nguyen's poor performance on the more recent test could represent a preconscious "cry for help."

## III. *Analysis*

### A. *The Standard of Review*

Judicial review of a final decision of the Commissioner is limited by 42 U.S.C. §§ 405(g), 1383(c)(3).[2] After a final determination is made by the Commissioner, at the request of a party this Court is authorized to review the pleadings and the transcript of the record of the proceeding and to enter a judgment affirming, modifying or reversing the decision, with or without remanding the cause for a rehearing. *See id.* § 405(g). This Court's review is limited in scope, however, because the Commissioner's factual findings must be affirmed if they are supported by substantial evidence in the record and are in accord with the law. *See id.; Irlanda Ortiz v. Secretary of Health and Human Services,* 955 F.2d 765, 769 (1st Cir. 1991). Even in cases where the record can be perceived to support another conclusion, the Commissioner's decision must be upheld if it was supported by substantial evidence. *See Rodriguez Pagan v. Secretary of Health and Human Services,* 819 F.2d 1, 3 (1st Cir.1987), *cert. denied,* 484 U.S. 1012, 108 S.Ct. 713, 98 L.Ed.2d 663 (1988); *see also Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

### B. *Disability Determination*

To establish entitlement to disability benefits, a claimant must show that he is disabled within the meaning of the Social Security Act. *See Bowen v. Yuckert,* 482 U.S. 137, 146–47, n. 5, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). The Act states that a person suffers from a disability when he is unable to engage in any substantial, gainful activity because of a medically determinable condition which can be expected to cause death or to continue for at least twelve months. *See* 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A), 1382c(a)(3)(A). The Act also requires that medical evidence

---

**2.** The Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103–296, §.107(a)(1), (4), 108 Stat. 1464, 1477– 78, transferred the functions of the Secretary of Health and Human Services in social security cases to the Commissioner of Social Security.

be presented which supports the existence of the alleged disability. *See id.* §§ 416(i)(1), 423(d)(1), (3), (5), 1382c(a)(3)(A).

Finally, a claimant is not entitled to disability benefits merely because he suffers from a medically verifiable impairment. Not only must the claimant be unable to perform his past work, but, given his age, education and work experience, he must be unable to "engage in any other kind of substantial, gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *see also* 20 C.F.R. §§ 404.1520(f), 416.920(f); *Bowen,* 482 U.S. at 142; *McDonald v. Secretary of Health and Human Services,* 795 F.2d 1118, 1120 (1st Cir.1986).

## C. *The Findings of the Administrative Law Judge*

In evaluating a claim under the Social Security Act, the ALJ must apply sequentially a series of up to five tests. *See* 20 C.F.R. § 416.920; *Goodermote v. Secretary of Health and Human Services,* 690 F.2d 5, 6–7 (1st Cir.1982). The first two are threshold tests. If the claimant 1) is currently employed or 2) does not have a severe impairment "which significantly limits his or her physical or mental capacity to perform basic work-related functions," then he is automatically considered not disabled. *See* 20 C.F.R. § 416.920(a)-(c); *Goodermote,* 690 F.2d at 6.

Applying those tests, the ALJ found that Nguyen 1) had not engaged in substantial, gainful activity since 1975, and 2) had mild back problems and abdominal pain relieved by medication but did not have any single impairment or combination of impairments which significantly limited his ability to perform basic work-related functions. Based upon the latter finding, the ALJ concluded that the claimant had not been under a disability as defined in the Act.

In reaching his decision, the ALJ considered the possibility that Nguyen could suffer from a disabling mental impairment. He compared the psychological assessments of Drs. Parikh and Taylor and echoed Dr. Taylor's suspicions of Nguyen's disparate performances in the two examinations. Those two assessments, in isolation, support the ALJ's

determination that Nguyen suffered from no disability.

■ Generally, the Commissioner, not the reviewing court, must determine issues of credibility, draw inferences from the record and resolve conflicts of the evidence. *See Perales,* 402 U.S. at 400; *Irlanda Ortiz,* 955 F.2d at 769; *Evangelista v. Secretary of Health and Human Services,* 826 F.2d 136, 141 (1st Cir.1987). Nevertheless, the ALJ may not simply "adopt one diagnosis over another without addressing the underlying conflict." *Murphy v. Bowen,* 810 F.2d 433, 437 (4th Cir.1987); *see also Gordon v. Schweiker,* 725 F.2d 231, 236 (4th Cir.1984) (remanding where the ALJ failed to indicate the weight given to conflicting pieces of medical evidence); *Cotter v. Harris,* 642 F.2d 700, 705–707 (3rd Cir.1981)(remanding where the ALJ failed to mention a piece of evidence and thereby made it impossible for the appellate court properly to apply the deferential standard of review); *Crosby v. Heckler,* 638 F.Supp. 383, 385 (D.Mass.1985) (remanding where the ALJ failed to explain his rejection of evidence supporting the claim of disability).

■ In this case, if the ALJ explicitly had credited the reports of Drs. Parikh and Taylor over that of Dr. Kim, this Court would defer to that determination. The ALJ did not, however, mention Dr. Kim's contradictory psychological assessment, and it is, therefore, impossible to determine whether he merely discredited that assessment or, in fact, overlooked that piece of psychological evidence most supportive of Mr. Nguyen's claim. Where the ALJ fails to "explicitly indicate the weight given to all relevant evidence," the reviewing court can not affirm the Commissioner's decision. *See Murphy,* 810 F.2d at 437. This Court is compelled, therefore, to remand this case for reconsideration.

On remand, the ALJ may find that there are sound reasons for continuing to favor the conclusions of Drs. Parikh and Taylor over that of Dr. Kim. On the other hand, if the ALJ, upon consideration of Dr. Kim's assessment, reevaluates Nguyen's mental condition, he may revise his view of Nguyen's credibili-

ty as well as his ultimate conclusion about the severity of Nguyen's impairment.

## IV. *Conclusion*

Because the ALJ failed to record consideration of an important piece of evidence that supports Nguyen's claim and, thereby, left unresolved conflicts in the evidence, this Court can not conclude that there is substantial evidence in the record to support the Commissioner's decision. This Court will, therefore, vacate the Commissioner's decision and remand this case to the Secretary with directions to reconsider the case and to indicate explicitly the weight accorded to Dr. Kim's report.

## ORDER

For the foregoing reasons, this Court finds that the Commissioner's final determination is not supported by substantial evidence on the record. The decision of the Commissioner is, therefore, **VACATED** and the case is **REMANDED** for further proceedings consistent with this opinion.

So ordered.

---

1. President Clinton appointed John J. Callahan to serve as Acting Commissioner of Social Security, effective March 1, 1997, to succeed Shirley S. Chater.